357 So.2d 503 (1978)
STATE of Louisiana
v.
Kaldon YOUNG.
No. 60702.
Supreme Court of Louisiana.
April 10, 1978.
Brian M. Begue, Orleans Indigent Defender Program, New Orleans, for defendant-respondent.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Lindsay Larson, III, Asst. Dist. Atty., for plaintiff-relator.
DIXON, Justice.
Defendant was charged by bill of information as an accessory after the fact in violation of R.S. 14:25. He waived trial by jury, was tried before a judge, and was found guilty of attempt, accessory after the fact. (R.S. 14:27, 25). Thereafter the State filed a bill of information charging the defendant as a fourth offender. Defendant filed a motion to quash the multiple bill contending that the penalty provision of R.S. 14:25 prohibits the use of the habitual offender law (R.S. 15:529.1) to enhance the penalty. The trial court agreed and quashed the multiple bill. We granted the State's application for certiorari in order to review that ruling.
R.S. 14:25 provides:
"An accessory after the fact is any person who, after the commission of a felony, shall harbor, conceal, or aid the offender, knowing or having reasonable ground to believe that he has committed the felony, and with the intent that he may avoid or escape from arrest, trial, conviction, or punishment.
An accessory after the fact may be tried and punished, notwithstanding the fact that the principal felon may not have been arrested, tried, convicted, or amenable to justice.
Whoever becomes an accessory after the fact shall be fined not more than five hundred dollars, or imprisoned, with or without hard labor, for not more than five years, or both; provided that in no case shall his punishment be greater than one-half of the maximum provided by law for a principal offender." (Emphasis added).
The defendant contends that the trial court was correct in ruling that the penalty provision of R.S. 14:25, specifically that part which reads ". . . provided that in no case shall his punishment be greater than one-half of the maximum provided by law for a principal offender," should be applied literally and thus prevent the enhancement *504 of the penalty through the habitual offender law. The State argues that the above quoted provision was designed only to prevent the imposition of a greater sentence on the accessory than on the principal in those cases in which the maximum sentence for the principal offense is less than five years, and was not intended to limit the application of the sentence enhancement provisions of R.S. 15:529.1.
Criminal provisions, according to the mandate of R.S. 14:3, are to be ". . . given a genuine construction, according to the fair import of their words, taken in their usual senses, in connection with the context and with reference to the purpose of the provision." (Emphasis added). When such a construction does not dispel doubt as to the proper interpretation of the statute, it is to be construed strictly in favor of the defendant and lenity. See State v. Cox, 344 So.2d 1024 (La.1977), and cases cited therein.
In the present case we have little difficulty in concluding that the penalty provision for accessories after the fact, when taken in context, was not intended to prevent the application of the habitual offender law. When the legislature enacted R.S. 14:25, it evidently concluded that the offense is relatively serious and accordingly provided that, upon conviction, the offender may be punished with up to five years imprisonment or a fine of five hundred dollars. But the legislature also felt that the seriousness of harboring a felon had a direct relationship to the seriousness of the harbored felon's crime. It is for that reason that the article provides that the maximum sentence imposed on the accessory shall be no more than one-half the maximum penalty provided for a principal offender. When the statute is viewed in this, the proper context, it does not appear that there was a legislative intent to prohibit the use of this offense in sentence enhancement under R.S. 15:529.1.
On two prior occasions we have held the habitual offender law inapplicable to certain offenses. Both cases are distinguishable from the present case. In State v. Sanders, 337 So.2d 1131 (La.1976) the defendant was convicted under R.S. 14:95.1 of being a convicted felon who carried a concealed weapon. We held that the legislature did not contemplate the multiple billing of a defendant convicted under R.S. 14:95.1 because it had already used the status as a felon in proscribing the activity and determining the punishment for that activity. Similarly, in State v. Cox, supra, a felon pleaded guilty to simple escape in violation of R.S. 14:110(A). We held that because the severity of the penalty for the escape depends upon the nature of the conviction causing the imprisonment, the escape conviction may not be used together with the original offense in habitual offender proceedings.
Central to both of the above decisions is the fact that the statutes involved provided already enhanced penalties because of a prior felony conviction, and therefore the conviction should not be further enhanced through multiple billing. Such is not the case with the accessory offense. Instead, the limiting proviso of the article serves to gauge the penalty according to the severity of the crime committed by the principal offender. Though equally culpable, an accessory who harbors a principal guilty of criminal mischief has not injured society to the same extent as an accessory who harbors a principal to murder. The legislature has recognized this fact and has provided the means of adjusting the penalty according to the seriousness of the principal offense.
Accordingly, the ruling of the trial court quashing the bill of information charging the defendant as a multiple offender is reversed and the case is remanded for further proceedings in accordance with law.