448 So.2d 1304 (1984)
STATE of Louisiana, Plaintiff-Appellee,
v.
Davis J. VICTORIAN, Defendant-Appellant.
No. CR 83-644.
Court of Appeal of Louisiana, Third Circuit.
February 1, 1984.
Rehearing Granted March 7, 1984.
On Rehearing April 11, 1984.
Rehearing Denied May 10, 1984.
Frank T. Salter, Jr., Salter, Streete & Hale, Lake Charles, for defendant-appellant.
*1305 Leonard K. Knapp, Jr., Dist. Atty., and F. Wayne Frey, Lake Charles, for plaintiff-appellee.
Before FORET, YELVERTON and KNOLL, JJ.
KNOLL, Judge.
The defendant, Davis J. Victorian, was charged by bill of information with illegal use of a weapon, a violation of LSA-R.S. 14:94. The defendant pleaded guilty and was sentenced under LSA-C.Cr.P. Art. 893.1 to serve 2 years in the parish jail without the benefit of probation, suspension or parole. The defendant reserved nine[1] assignments of error attacking his sentence mainly on constitutional issues. Because we find the sentence to be improper on other grounds and remand the case for resentencing, we pretermit all of defendant's assignments of error.

FACTS
On February 17, 1982, in Lake Charles, Louisiana, a truck driven by Earl LaVergne pulled out in front of the defendant's vehicle which was traveling east on Highway 90. The defendant pulled over in the left lane and applied his brakes to avoid hitting the LaVergne vehicle. Both parties exchanged obscene gestures and drove in close proximity of each other as they proceeded up the I-10 bridge. As the LaVergne vehicle attempted to pass, the defendant picked up a .22 pistol and fired out of his window five times, striking the LaVergne vehicle in the right front fender each time.
The defendant was initially charged with violating LSA-R.S. 14:94 by "intentionally or with criminal negligence discharge a firearm, to-wit: .22 caliber pistol, wherein it was foreseeable that it may result in death or great bodily harm to a human being...." Although this bill was amended to the charge of aggravated criminal damage to property, it was again amended back to the charge of illegal use of a weapon, to which the defendant entered a guilty plea.
R.S. 14:94 provides in pertinent part:
"A. Illegal use of weapons or dangerous instrumentalities is the intentional or criminally negligent discharging of any firearm, or the throwing, placing, or other use of any article, liquid, or substance, where it is foreseeable that it may result in death or great bodily harm to a human being.
B. Whoever commits the crime of illegal use of weapons or dangerous instrumentalities shall be fined not more than one thousand dollars, or imprisoned with or without hard labor for not more than two years, or both."
Upon accepting the defendant's plea, the trial court informed the defendant that the maximum penalty for illegal use of a weapon was a $1000 fine or two years with or without hard labor, or both. At sentencing, the court told the defendant it felt compelled to invoke Art. 893.1 since the defendant used a firearm and gave the defendant the opportunity to withdraw his guilty plea. The defendant maintained his guilty plea, but objected to the court applying Art. 893.1.
C.Cr.P. Art. 893.1 provides:
"When the court makes a finding that a firearm was used in the commission of a felony and when suspension of sentence is not otherwise prohibited, the court shall impose a sentence which is not less than:
(1) The maximum sentence provided by law, in the same manner as provided in the offense, if the maximum sentence is less than five years, or
(2) Five years, in the same manner as provided in the offense, if the maximum sentence is five years or more.
Imposition or execution of sentence shall not be suspended and the offender shall not be eligible for probation or parole."
*1306 The trial court did not impose any sentence under R.S. 14:94.

ENHANCED PENALTIES
Article 893.1 authorizes the imposition of an enhanced penalty on a defendant who uses a firearm in the commission of a felony. The question for determination in this case is whether Article 893.1 may be applied to a defendant who uses a firearm in the course of a felony that is proscribed by a statute which itself authorizes punishment if a weapon is used. For reasons set forth below, we hold that the defendant's sentence shall be imposed as provided in the statute defining the felony he committed and that Article 893.1 does not apply in such a case.
Criminal and penal laws are to be strictly construed and in the absence of an express legislative intent, any doubt should be resolved in favor of lenity, and not so as to multiply the penalty imposed upon the defendant. State v. Cox, 344 So.2d 1024 (La. 1977).
The question raised by the defendant is res nova under Article 893.1. However, from analogous issues involving enhanced penalties, our determination is consistent with the jurisprudence.
State v. Sanders, 337 So.2d 1131 (La. 1976) addressed the issue of whether the State may multiple-bill a person under the habitual offender statute, who was convicted under R.S. 14:95.1 of being a convicted felon who carries a concealed weapon, by using in the multiple-bill the same felony conviction alleged as elements of the offense. The Louisiana Supreme Court held that the State could not use the defendant's prior conviction twice: first to convict him, and, second to increase the penalty through a multiple bill. The Court stated:

"Consequently, we find that the penalty provisions enacted in R.S. 14:95.1 were intended by the legislature to delimit the permissible punishment for that offense because the statute itself takes into account the fact of defendant's previous felony conviction and the legislature gave no indication that it wanted the multiple-billing procedure to remain available as a vehicle for further enlargement of the penalty." (Emphasis added)

The Supreme Court treated a similar issue in State v. Cox, supra, in determining whether the State may employ a conviction of simple escape in seeking to have a person declared an habitual offender. In Cox, the Court relied on Sanders, supra, and stated:
"... The escape statute itself causes an enhancement of penalty by requiring consecutive sentences because of a defendant's previous felony conviction. Although the legislature chose to make the enhancement to a felony dependent upon a defendant's escape from the Department of Corrections instead of relating the enhancement directly to his previous commission of a felony, we see no real difference because only convicted felons may be sentenced to the Department of Corrections."
Thus, it is apparent that enhanced penalties cannot be applied to offenses that contain the same elements as in the enhanced penalty. This is consistent with federal jurisprudence on this issue. See Simpson v. United States, 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978), and Busic v. United States, 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980).
The present case presents a good example of when article 893.1 is not applicable. The defendant entered a guilty plea to a specific (requiring a weapon) statute: illegal use of a weapon. The penalty for this offense is provided in the statute itself. The enhanced penalty is likewise provided upon the second, third and subsequent conviction:

* * * * * *
"C. On a second conviction, the offender shall be imprisoned with or without hard labor for not more than five years.

D. On a third and subsequent convictions, the offender shall be imprisoned *1307 with or without hard labor for not more than five years.

E. The enhanced penalty upon second, third, and subsequent convictions provided for in this Section shall not be applicable in cases where more than five years have elapsed since the expiration of the maximum sentence, or sentences, of the previous conviction or convictions, and the time of the commission of the last offense for which he has been convicted; the sentence to be imposed in such event shall be the same as may be imposed upon a first conviction."
Article 893.1 is an enhanced penalty to be applied to general statutes that do not require the element of a weapon or firearm, e.g., manslaughter, negligent homicide, murder, and etc. But in specific statutes e.g., illegal use of a weapon, any "aggravated" offenses when a firearm is used, armed robbery, and etc., Article 893.1 is not to be applied because absent an express legislative intent, it is assumed that the legislature, in fixing penalties for specific offenses committed with a firearm, intended the penalty to take this into account.
The elements of the offense of illegal use of a weapon are the same as required in the enhanced penalty provision of 893.1. Accordingly, we find the defendant's sentence in the present case falls within the prohibited use of an enhanced penalty under Article 893.1, first to convict him and, second to enhance his penalty. We therefore remand the case to the district court for re-sentencing under the provision of R.S. 14:94 and Article 894.1.
We further find that the enhanced penalty provided under Article 893.1 does not create a new or separate offense based on the use of a firearm but merely provides for the imposition of an increased sentence for persons using a firearm in the commission of a felony. We find that the trial court erred in sentencing the defendant directly under Article 893.1. This has the effect of making Article 893.1 a crime of "using a firearm in the commission of a felony" rather than serving as an enhanced penalty.

DECREE
The defendant's conviction is affirmed. The defendant's sentence is vacated and set aside, and the case is remanded to the district court for re-sentencing consistent with the views expressed above.
REMANDED FOR RE-SENTENCING.
YELVERTON, J., dissents.

ON REHEARING
YELVERTON, Judge.
The issue is whether C.Cr.P. art. 893.1, the "use of a firearm" enhancement law, was intended to apply to the penalty for the violation of R.S. 14:94, illegal use of weapons or dangerous instrumentalities, when the violation consists of illegal use of a firearm.
The facts of the case are correctly stated in the original opinion. Briefly repeated, defendant, using a .22 pistol, shot five times into the body of a passing vehicle. He pleaded guilty to a violation of R.S. 14:94, a felony. The maximum sentence for first offense illegal use of weapons or dangerous instrumentalities is two years. Finding that a firearm was used in the commission of the felony, the trial court applied the enhancement provisions of C.Cr.P. art. 893.1 and gave the defendant two years in the parish jail without benefit of parole, probation or suspension. Defendant appealed contending that this application of article 893.1 was contrary to Legislative intent, and that the sentence was an unconstitutional double enhancement of penalty.
The original opinion erroneously decided that this amounted to a prohibited double enhancement of the penalty and that article 893.1 was improperly used in the sentencing. A rehearing was granted on application of the State. We vacate and set aside the first opinion and now hold that the enhancement article is applicable to Section *1308 94 even when that offense is committed by use of a firearm. We affirm the sentence.
We reach this conclusion because we find, for the reasons which follow, that (1) this conclusion comports with Legislative intent, and (2) there results no double enhancement of penalty.
Legislative Intent
Article 893.1 is a limitation on the sentencing discretion of the judge. State v. Adams, 446 So.2d 355 (La.App. 3rd Cir. 1984). As to those felonies to which it applies, the sentencing judge has no discretion except to give the maximum sentence, in the same manner as provided in the offense, if the maximum is less than five years. If the maximum sentence as provided in the offense is five years or more, the judge's discretion is limited by the requirement that he impose at least five years. The article further provides that imposition or execution of sentence shall not be suspended and the offender shall not be eligible for probation or parole.
The conditions for application of article 893.1 are:
"When the court makes a finding that a firearm was used in the commission of a felony and when suspension of sentence is not otherwise prohibited...."
The purpose of the article is to enhance penalties for gun-using felonies. The enhancement includes a prohibition against suspension of sentence. The Legislature obviously does not want gun-using felons to get suspended sentences. However, the Legislature is content to let the gun-using felon escape the enhancement of article 893.1 if suspension of his sentence is already prohibited by some other law. That appears to be why it made the article applicable to gun-using felonies only when suspension of sentence is not otherwise prohibited.
The significance of the italicized language in the application of the article is indicated by the number of times in our law when suspension of sentence will be found to be "otherwise prohibited." By means of R.S. 14:95.2, for example, the Legislature has provided an enhancement penalty of two additional years without benefit of suspension when a firearm is used in the commission of certain felonies. When article 893.1 was made the law in 1981, the Legislature was aware that it had already provided an enhanced penalty for the use of a firearm in certain enumerated felonies by means of R.S. 14:95.2, and that the additional penalties therein imposed could not be suspended. The Legislature was also aware that a number of other potentially firearm-using violent felonies are on the books but the penalty for some of these already prohibits the suspension of sentence, armed robbery being just one example. Also, in felony cases suspension of sentence is permitted for first convictions only under C.Cr.P. art. 893, and suspension of sentence is thereby automatically unavailable for any second offense felon. It is reasonable to suppose that these are the reasons why the Legislature made article 893.1 applicable only to felonies where the suspension of sentence was not otherwise prohibited. Article 893.1 does not apply to these offenses where suspension is already prohibited but as to all other felonies where a finding is made that a firearm was used in the commission of the offense, the article applies.
Care was taken by the lawmakers to assure that no gun-using felony would remain subject to a suspended sentence. Article 893.1 is aimed at achieving that result. The Legislature saw no need to amend each individual felony statute, as it might have done, to provide an enhanced penalty. It chose to accomplish that purpose by a single enactment in the form of article 893.1.
Suspension of sentence for a violation of R.S. 14:94 is not "otherwise prohibited." Therefore, it is a felony to which article 893.1 applies when a finding is made that a firearm was used in the commission of the offense. The fact that a firearm use may be an element of the offense does not distinguish that felony, for punishment purposes, from any other to which article 893.1 applies. A firearm can be used in the commission of any felony. When it is, according *1309 to the Legislature, the punishment for that crime may not be suspended.
If article 893.1 was not intended to apply to illegal use of weapons or dangerous instrumentalities, that offense has the distinction of being the only felony on the books that can get a suspended sentence when a finding is made that a firearm is used. This is a strange result considering the Legislature's manifest attitude regarding the use of firearms in the commission of felonies. We cannot believe that the legislature intended to exempt but one felony from the application of this enhancement statute, that exemption being, of all things, illegal use of weapons or dangerous instrumentalities.
In our opinion it was the intent of the Legislature that article 893.1 apply to illegal use of weapons or dangerous instrumentalities just as any other felony where suspension of sentence has not been otherwise prohibited and a finding is made that a firearm was used in the commission of the offense.
Double Enhancement?
We next consider the argument that the application of article 893.1 to this offense results in a double enhancement of penalty.
In our opinion the statutes under consideration do not present a case of double enhancement. Arguing that it does, the defendant relies on State v. Sanders, 337 So.2d 1131 (La.1976), and State v. Cox, 344 So.2d 1024 (La.1977). Unlike those cases, the instant case does not involve one enhancement on top of another enhancement. The penalty imposed for using a firearm under article 893.1 is not "escalated twice" as happened in State v. Cox, where a simple escape was escalated to a felony (because defendant was a felon when he escaped) requiring a consecutive sentence and this in turn was used as a basis for charging the defendant as a multiple offender. Nor is this a case where a defendant's prior conviction is being used twice, first to convict him of a status crime and again to increase the penalty through a multiple bill, as in State v. Sanders.
The same difference exists in Simpson v. United States, 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978), and Busic v. United States, 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980) likewise relied on by defendant. In those cases multiple, consecutive sentences were given in response to two enhancement provisions applicable to a single criminal transaction. Our case differs additionally from the federal cases in that our predicate statute, R.S. 14:94, makes no allowance in the substantive offense for augmented punishment where a firearm is used; this is separately provided by article 893.1, and even that does not provide for an increased or consecutive sentence. All that article 893.1 does is limit the sentencing discretion of the judge as to what he can impose within the framework of the sentence provided by R.S. 14:94. There is but one sentence.
Although article 893.1 is an enhanced penalty provision, it differs from the usual enhancement statute, such as those involved in the above four cases, in that it does not provide an additional penalty beyond that provided for in the underlying offense. R.S. 14:95.2, mentioned earlier in this opinion, is another example of the usual enhancement statute. It mandates an additional and consecutive sentence without benefit of suspension for using a firearm in the commission of certain felonies. Article 893.1 does not provide an additional sentence. In fact, the article provides no sentence at all. It is a limitation on the sentencing discretion of the court and it can be applied only with reference to the sentencing provisions of the underlying offense. It would be impossible to apply article 893.1 without referring to the sentencing provisions of some underlying offense, because its limitations on the court's sentencing discretion must be computed by reference to the sentencing provisions of the underlying offense. The trial court in the instant case followed the article. During sentencing he stated that defendant's guilty plea was under R.S. 14:94 which provided a maximum sentence of two *1310 years, that C.Cr.P. art. 893.1 was applicable because defendant used a firearm in the commission of the underlying offense, and that accordingly, the court was mandated "to impose no less or no more than two years." The trial judge imposed only one punishment for one crime.
The above observations answer the contention that the application of article 893.1 to R.S. 14:94 constitutes a prohibited double enhancement of penalty. There remains for consideration the argument by appellant that there is something constitutionally wrong with applying article 893.1 to R.S. 14:94 because a firearm was used, when the penalty for the violation of the underlying statute has already taken into consideration the fact that a firearm may have been used.
In the context of the present problem we are concerned only with the enhancement for a first offense violation. We are not concerned with the enhancement provisions for repeat violations contained in R.S. 14:94. There is no way a defendant convicted as a second offender under R.S. 14:94 would be subject to the provisions of article 893.1, simply because, as a second felony offender, he is not eligible for a suspended sentence (C.Cr.P. article 893) and this eliminates article 893.1 from application.
Our question is simply whether the penalty for a first offense is subject to the sentencing limitations of article 893.1, or not. We can conceive of no constitutional impediment to applying the enhancement limitations of this article. We are not acquainted with a rule of law that says enhanced penalties cannot be applied to offenses that contain the same elements as in the enhanced penalty. No one would quarrel with the Legislature's power to put an enhancement provision in the statute defining the penalty, just as was done in the federal bank robbery statute under consideration in Simpson v. United States, supra. Nor would anyone quarrel with the power of the Legislature to directly amend the sentencing provision. The Legislative prerogative to accomplish its purpose by a separate statute, provided its intention is clear, should be equally unassailable. We have previously pointed out that in our opinion it was the Legislature's intent to make article 893.1 applicable to every felony where suspension of sentence was not otherwise prohibited. The fact that R.S. 14:94 can be committed by use of a firearm, and was so committed in the present case, has nothing to do with the case.
Defendant makes the additional argument that double jeopardy applies. We dispose of this contention summarily pointing out, as previously observed, that in the instant case there was but one crime, one conviction, and one sentence.
Defendant's final assignment of error is the due process contention that he was not given notice of the court's intent to impose the enhanced penalty. The record indicates that the provisions of article 893.1 did not come to the sentencing judge's attention until after the guilty plea had been entered. The judge became aware of these provisions before sentencing, however, and explained to the defendant its discovery of the enhancement article and its intention to apply the article at sentencing. After explaining its intention to the defendant, the trial court then gave defendant an opportunity to withdraw his guilty plea. The record shows that at this point defendant declined to withdraw his guilty plea. The First Circuit in the case of State v. Moore, 442 So.2d 726 (La.App. 1st Cir.1983) was faced with an identical assignment of error and found the argument to have no merit. We find the present due process contention likewise meritless.
For the foregoing reasons, we find that there was no error committed by the trial court in these proceedings. Both the conviction and sentence, therefore, are affirmed.
AFFIRMED.
KNOLL, J., dissents; see reasons.
*1311 KNOLL, Judge, dissenting.
I respectfully dissent for reasons expressed in the original opinion.
NOTES
[1] The defendant perfected ten assignments and briefed nine, therefore the tenth assignment is considered abandoned. State v. Domingue, 298 So.2d 723 (La.1974).