590 So.2d 1240 (1991)
STATE of Louisiana
v.
Edward HARRELSON.
Nos. 90 KA 1482, 90 KA 1483.
Court of Appeal of Louisiana, First Circuit.
November 22, 1991.
Bryan Bush, Dist. Atty., Baton Rouge by James Murray, Asst. Dist. Atty., for plaintiff/appellee.
Kathryn Flynn, Office of the Public Defender, Baton Rouge, for defendant/appellant.
Before LOTTINGER, EDWARDS and GONZALES, JJ.
LOTTINGER, Judge.
Edward Harrelson was charged by bill of information with second offense obscenity. La.R.S. 14:106. He pleaded not guilty and, following a jury trial, was found guilty as charged. Prior to sentencing, the state filed a habitual offender bill of information against defendant. Subsequently, he was adjudicated a third felony offender and was sentenced to five years at hard labor, with *1241 credit for time served. He now appeals, urging the following assignments of error:
1. The trial court committed error when it ruled the defendant's statement to be admissible.
2. The trial court committed error when it adjudged the defendant guilty based upon insufficient evidence.
3. The trial court committed error when it adjudged the defendant to be a habitual offender.
4. The trial court committed error when it imposed an excessive and illegal sentence and failed to comply with the sentencing guidelines set forth in La.Code Crim.P. art. 894.1.
Assignments of error numbers one and two have been expressly abandoned by defendant in brief.

FACTS
On August 10, 1989, at about 5:00 o'clock p.m., Sergeant James Smith of the Baton Rouge Police Department, Juvenile Sex Crimes Division, was working as a security guard at Bon Marche Mall. After receiving a dispatch, Sergeant Smith drove in his police unit to the north parking lot of the mall and observed defendant walking up and down between cars. When a car containing women would drive up and park, defendant would follow the women as they walked towards the mall. Sergeant Smith, who was using a pair of binoculars to observe defendant, was about 30-50 yards away from defendant. He observed defendant walk between cars, remove his penis from his pants and begin to masturbate. At that point, Sergeant Smith approached defendant and advised him of his rights. Defendant became nervous and put his penis back into his pants when he saw Sergeant Smith begin to approach him. Baton Rouge Police Officer James Wiggins was also working at the mall and observed defendant as he walked through the mall. He saw defendant stop at Montgomery Ward department store, fill out a credit card application, and continue to walk through the mall. Then, Officer Wiggins observed defendant walk through Dillards department store and exit into the parking lot. Officer Wiggins, who did not have binoculars, stayed inside the glass doors of Dillards and watched defendant. Officer Wiggins observed defendant walking in the parking lot with his hands in his pockets and following females who were walking towards the mall.
Greg Chandler, a Montgomery Ward employee, was asked to assist in observing defendant with Sergeant Smith and Officer Wiggins. Chandler, who was at a different vantage point, observed defendant from a place 30-40 yards away from defendant. Chandler was parked in an unmarked vehicle between two cars facing defendant and was using binoculars. He saw defendant wander around following 15-20 feet behind women, putting his hands in his pockets and moving his hands around. At one point, Chandler observed defendant unzip his pants, walk between two cars and reach down inside his pants. Defendant then zipped his pants back up. Chandler saw defendant unzip his pants a second time, remove his penis and begin masturbating.
At trial, when asked if it were possible that defendant was urinating between the cars, Sergeant Smith stated he did not observe any wet areas on the ground. After being taken into custody and being advised of his rights, defendant denied several times that he had been masturbating. Finally, he said "Yeah, I did it."

HABITUAL OFFENDER CONVICTION
By assignment of error number three, defendant contends that a prior obscenity conviction served as the basis for his charge of second offense obscenity and as a predicate offense for his adjudication as a third felony offender. Defendant argues that the same conviction was used to enhance his punishment twice. He further submits that, based upon State v. Sanders, 337 So.2d 1131 (La.1976), and State v. Cox, 344 So.2d 1024 (La.1977), he could not be adjudicated a habitual offender.
The state argues that the cases cited by defendant are inapplicable to this case because the obscenity statute does not provide *1242 for enhancement based upon a prior obscenity conviction; rather, the obscenity statute simply provides for an increase in the fine and provides that the term of imprisonment imposed is to be served without benefit of parole, probation, or suspension of sentence. The state argues that the statute's "only effect is to withdraw the trial court's discretion to provide for parole, probation or suspension of the sentence."
The obscenity statute, La.R.S. 14:106, provides in pertinent part:
G. (1) On a first conviction, whoever commits the crime of obscenity shall be fined not less than one thousand dollars nor more than two thousand five hundred dollars, or imprisoned, with or without hard labor, for not less than six months nor more than three years, or both.
(2)(a) On a second conviction, the offender shall be imprisoned with or without hard labor for not less than six months nor more than three years, without benefit of probation, parole, or suspension of sentence, and in addition may be fined not less than two thousand five hundred dollars nor more than five thousand dollars.
* * * * * *
(3) On a third or subsequent conviction, the offender shall be imprisoned with or without hard labor for not less than two years nor more than five years, without benefit of probation, parole, or suspension of sentence, and in addition may be fined not less than five thousand dollars nor more than ten thousand dollars.
In Sanders and Cox, the Louisiana Supreme Court prohibited the state's use of a prior conviction to establish defendant's status as a convicted felon (so as to convict him of the crime), and to increase the penalty through a multiple bill. In Sanders, the court noted that, by enacting La.R.S. 14:95.1, the offense of possessing a firearm or of carrying a concealed weapon by a convicted felon, the legislature provided for enhanced penalties for the act of possessing a firearm or concealing a weapon when such person is a felon. The Louisiana Supreme Court also noted that the legislature gave no indication that the multiple billing procedure was to remain available as a vehicle for further enlargement of the penalty. In Cox, the court found that the former simple escape statute, La.R.S. 14:110, in effect at the time of defendant Cox's offense, itself caused an enhancement of the penalty by requiring consecutive sentences based on a defendant's previous felony conviction. In that case the Louisiana Supreme Court applied the well-established doctrine of construing criminal and penal laws strictly and refused to combine the escape statute and the multiple offender statute, La.R.S. 15:529.1, to enhance the penalty twice. State v. Cox, 344 So.2d at 1026.[1]
Further, as seen above, the legislature has provided an enhanced penalty within the statute itself for a third and all subsequent offenses chargeable under La.R.S. 14:106(G)(3) in mandatory language, i.e., "shall be imprisoned...." This court has previously held, where a statute delimits the penalty to be levied on subsequent convictions under the same provision, that the State may not use La.R.S. 15:529.1 to further enhance that penalty. State v. Griffin, 525 So.2d 705, 707 (La.App. 1st Cir. 1988).
Thus, in Sanders and Cox, the Louisiana Supreme Court has held that, where a defendant's *1243 status as a prior felon has subjected him to an enhanced penalty under certain criminal provisions, his sentence may not be further enlarged by the use of the same previous felony conviction as a predicate offense under the habitual offender law. Herein, when defendant was charged with second offense obscenity, he was subjected (because of his previous obscenity conviction) to a greater penalty (enhanced) than if he would have been charged with first offense obscenity. Although the term of imprisonment is the same for a first or second offense under the statute, the imposition of that term must be imposed without benefit of parole, probation or suspension of sentence for a second offender. La.R.S. 14:106(G). Furthermore, the fine which may be imposed is greater for one convicted of a second offense, and increases on third and subsequent offenses to a specified maximum.
Since the penalty for the instant offense, second offense obscenity, was already enhanced due to defendant's prior first offense obscenity conviction, we conclude that the state cannot now attempt to further enhance the penalty by using the first offense obscenity offense conviction as a predicate offense under La.R.S. 15:529.1 to adjudicate defendant as a third felony offender. Thus, for the above reasons, we reverse the ruling adjudicating defendant to be a third felony offender[2] and remand for another habitual offender hearing (if the state chooses to bill defendant as a habitual offender) and for resentencing.[3]
CONVICTION AFFIRMED; THIRD FELONY OFFENDER ADJUDICATION REVERSED; SENTENCE VACATED; REMANDED.
NOTES
[1] Subsequent to the decision in Cox, the simple escape statute was amended by Act 413 of 1985. The effect of the amendment is to make the crime of simple escape punishable by imprisonment with or without hard labor and, therefore, a felony. After the amendment, the penalty for simple escape is no longer enhanced because of a previous felony conviction. The crime of simple escape is itself a separate and distinct felony, the penalty for which is unrelated to any previous felony conviction. It follows that enhancement of the penalty for simple escape under the habitual offender statute does not amount to a multiple enhancement of the penalty for that offense or any previous offense. Although the Cox rationale is sound and may be applicable to other multiple enhancement situations, it is no longer applicable in regard to the simple escape statute. State v. Goodin, 550 So.2d 801, 803-804 (La.App. 2d Cir.1989), writ denied, 556 So.2d 1276 (La.1990).
[2] We cannot modify defendant's adjudication and adjudicate him to be a second felony offender because more than five years has elapsed since the expiration of the maximum sentence of defendant's other predicate offense (simple burglary) and the time of the commission of the instant offense. See La.R.S. 15:529.1. However, there may be other convictions which the state may use as a predicate offense(s).
[3] In light of the fact that we reverse defendant's adjudication as a habitual offender and remand for resentencing, we pretermit the excessive sentence issue presented in assignment of error number four.