657 So.2d 129 (1995)
STATE of Louisiana
v.
James R. TOWNLEY.
No. CR94-1002.
Court of Appeal of Louisiana, Third Circuit.
May 3, 1995.
Rehearing Denied September 14, 1995.
*130 Robert Richard Bryant Jr., Paul Peter Reggie, Lake Charles, for State.
John Lavern, Lake Charles, for James R. Townley. James R. Townley, pro se.
Before KNOLL, COOKS and PETERS, JJ.
*131 PETERS, Judge.
The defendant, James R. Townley, was tried by jury and convicted of simple escape in violation of La.R.S. 14:110(A)(1). Thereafter, he was adjudicated an habitual offender and sentenced to serve five years at hard labor with the sentence to run consecutive to any prior sentence imposed. He has appealed the sentence. The record contains four assignments of error. However, in his brief the defendant raises two additional assignments.

DISCUSSION OF RECORD
Prior to the commission of the offense of simple escape, the defendant had been convicted of four felonies:
1. Simple burglary of a pharmacy in violation of La.R.S. 14:62.1.
2. Simple burglary, three counts, in violation of La.R.S. 14:62.
3. Simple burglary in violation of La.R.S. 14:62.
4. Simple criminal damage to property in violation of La.R.S. 14:56.
The first two convictions occurred on May 11, 1984, and the second two on March 2, 1988.
On June 6, 1988, the defendant escaped from the custody of the Louisiana Department of Corrections while serving sentences imposed for the convictions of March 2, 1988. He was apprehended on June 24, 1988, and charged with simple escape. Thereafter, he was convicted of that offense and, after contradictory hearing pursuant to La.R.S. 15:529.1(D)(2)(b), adjudicated a third felony offender. He was then sentenced to serve five years at hard labor with the sentence to run consecutive to the sentences he was already serving.
Thereafter, a plethora of writs and motions were considered on the trial level, but only one affects the issue before us. In State v. Townley, 627 So.2d 252 (La.App. 3 Cir.1993), writ denied, 93-3011 (La. 2/4/94); 633 So.2d 169, this court concluded, in a majority opinion, that because the convictions of March 2, 1988, were not final at the time the defendant committed the offense of simple escape, they could not be used for enhancement purposes under La.R.S. 15:529.1.
On remand, the defendant was again sentenced to five years at hard labor with the sentence to run consecutive to any prior sentence imposed. He was ultimately granted an out-of-time appeal on that sentence, and the matter is currently before us.

OPINION

Assignment of Error No. 1.
The defendant first argues that the trial court erred in sentencing him as an habitual offender based on an oral bill of information. However, the record reflects that a written habitual offender bill of information was filed by the state on October 14, 1988, and the defendant was not originally sentenced until October 17, 1989. The sentence that is before this court now was not rendered until March 11, 1994. Therefore, this assignment is without merit.

Assignment of Error No. 2.
The defendant next contends his sentence constitutes a multiple enhancement of the penalty against him because the conviction of simple escape was the basis for the habitual offender adjudication. We also find that this assignment is without merit.
The defendant relies on State v. Cox, 344 So.2d 1024 (La.1977), which held that a conviction for simple escape could not be employed in seeking to have a defendant declared an habitual offender under La.R.S. 15:529.1. At the time of the Cox decision, La.R.S. 14:110 drew a distinction between one who escaped while in custody for committing a felony and one who escaped while in custody for committing a misdemeanor. In the former case, the simple escape was a felony and in the latter, it was a misdemeanor. As recognized in State v. Goodin, 550 So.2d 801 (La.App. 2 Cir.1989), writ denied, 556 So.2d 1276 (La.1990), Act 413 of 1985 amended the simple escape statute to eliminate the confinement distinction and make the crime of simple escape a felony regardless of whether confinement was for a felony or misdemeanor.
*132 In addressing this issue, the first circuit in State v. Harrelson, 590 So.2d 1240, 1242 n.1 (La.App. 1 Cir.1991) stated:
Subsequent to the decision in Cox, the simple escape statute was amended by Act 413 of 1985. The effect of the amendment is to make the crime of simple escape punishable by imprisonment with or without hard labor and, therefore, a felony. After the amendment, the penalty for simple escape is no longer enhanced because of a previous felony conviction. The crime of simple escape is itself a separate and distinct felony, the penalty for which is unrelated to any previous felony conviction. It follows that enhancement of the penalty for simple escape under the habitual offender statute does not amount to a multiple enhancement of the penalty for that offense or any previous offense. Although the Cox rationale is sound and may be applicable to other multiple enhancement situations, it is no longer applicable in regard to the simple escape statute.
(Emphasis added).
Thus, the court in Harrelson concluded that the conviction of simple escape could be used to apply the provisions of La.R.S. 15:529.1. We agree that the rationale of Cox is no longer applicable to a conviction for simple escape and the use of the habitual offender statute does not amount to a multiple enhancement of the penalty as contemplated in Cox.
In response to this assignment, the state argues in brief that the defendant is attempting to raise a double jeopardy defense. We do not find that to be the case, but even assuming such an argument, our decision on this assignment would be the same. Double jeopardy principles do not apply to the habitual offender statute as it is an enhancement provision rather than a separate felony. State v. Hongo, 625 So.2d 610 (La.App. 3 Cir.1993), writ denied, 93-2774 (La. 1/13/94); 631 So.2d 1163.

Assignment of Error No. 3.
The defendant contends the trial court failed to inform him of the three year prescriptive period provided for in La.Code Crim.P. art. 930.8 relative to applications for post-conviction relief. This article provides in pertinent part:
A. No application for post conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than three years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922....
. . . .
C. At the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post conviction relief.
As noted by the state in brief, the defendant is clearly aware of his rights under this Article as he addressed the matter in his brief. However, to assure that the record is complete and the defendant's procedural rights are fully protected, the district court is hereby directed to inform the defendant of the provisions of this Article by sending the appropriate written notice to the defendant within ten days of the rendition of this opinion and to file written proof that the defendant received the notice in the record of these proceedings. State v. Fontenot, 616 So.2d 1353 (La.App. 3 Cir.), writ denied, 623 So.2d 1334 (1993). This defect has no bearing on whether the sentence is excessive and thus is not grounds to reverse the sentence or remand the case for sentencing. La.Code Crim.P. art. 921.

Assignment of Error No. 4.
The defendant assigns as error "[a] review for errors patent on the face of the... record." La.Code Crim.P. art. 920(2) provides that an appellate court may consider on appeal "[a]n error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." In brief, the defendant contends that one such error exists in that the trial court failed to give him credit for time served in custody prior to imposition of sentence as required by La.Code Crim.P. art. 880. We find this argument to be without merit.
A defendant is not entitled to credit for time served in custody pending sentencing when he is serving time for a parole violation or for a separate offense from the *133 one for which he is awaiting sentencing. State v. Labom, 602 So.2d 35 (La.App. 3 Cir.1992); State v. Jackson, 582 So.2d 915 (La.App. 2 Cir.1991). The defendant testified in the March 11, 1994 sentencing hearing that he was still serving the sentences for the convictions of March 2, 1988, and claimed to have a 1996 parole date. The sentence imposed for simple escape is to run consecutive to the prior sentences and therefore does not begin to run until the prior sentences are served in full. La.R.S. 14:110. Therefore, the defendant is not entitled to credit for time served pending sentencing under these circumstances.
After reviewing the record, we find no errors patent in this case.

Other Assignments of Error.
These assignments are not specified as errors in the trial court in accordance with Uniform RulesCourts of Appeal 1-3 and La.Code Crim.P. art. 920(1) and are first raised in defendant's brief and supplemental brief. However, rather than remand these to the trial court for the filing of supplemental assignments, we will address these issues in the interest of judicial economy. State v. Durosseau, 626 So.2d 51 (La.App. 3 Cir. 1993), writs denied, 93-3003 (La. 5/13/94); 637 So.2d 1065, 94-2423 (La. 1/13/95); 648 So.2d 1338.
Both of these assignments attack the trial court's deviation from the Louisiana Felony Sentencing Guidelines. In relation to the use of the Guidelines, La.Code Crim.P. art. 894.1 provides:
A. When the defendant has been convicted of a felony, the court shall consider the sentencing guidelines promulgated by the Louisiana Sentencing Commission in determining the appropriate sentence to be imposed. However, no sentence shall be declared unlawful, inadequate, or excessive solely due to the failure of the court to impose a sentence in conformity with the sentencing guidelines of the commission.
B. A court may impose a sentence, which includes incarceration or other significant sanctions, which is appropriate under the sentencing guidelines notwithstanding any limitation on probation or suspension of sentence under the provisions of Article 893.
C. The court shall state for the record the considerations taken into account, including any aggravating and mitigating circumstances which may be present, and the factual basis therefor in imposing sentence.
The Louisiana Felony Sentencing Guidelines specifically provide for application of the Habitual Offender Law. Section 309 of the Guidelines provides:
A. The Guidelines increase the designated sentence range for an offender on the basis of the offender's prior criminal convictions, custody status, and the "crime family" of the current and prior convictions. In those cases in which the district attorney determines that the offender's pattern of past criminal conduct has been significantly more extensive than the typical offender with the same criminal history index, the District Attorney may institute proceedings under R.S. 15:529.1, the Habitual Offender Law.
B. Any person who has been convicted of a felony and adjudged an habitual offender shall receive an enhanced penalty as provided by R.S. 15:529.1, the Habitual Offender Law. In such cases, the enhanced sentence may exceed the maximum sentence range specified in the appropriate cell in the sentencing grid. In such cases, the court should impose the minimum sentence provided by law unless aggravating circumstances justify imposition of a more severe sentence.
(Emphasis added).
La.R.S. 15:529.1 provides that when one is adjudged an habitual offender because of the conviction of a second felony, the sentence to be imposed shall be "not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction...." The maximum sentence for violation of La.R.S. 14:110(A)(1) is five years, and that sentence is not to run concurrent to any other sentence. La.R.S. 14:110(B)(3). Therefore, the minimum sentence under the Habitual Offender Law in this case would be two and one-half years to run consecutive to any other sentence. In this case, the trial court sentenced the defendant to five years at hard labor to run consecutive to any other sentence, or two and one-half years longer than the recommended sentence under the Guidelines.
*134 We initially note that the Guidelines became effective in January of 1992, and defendant's sentencing that is now before the court occurred in 1994. However, the Louisiana Supreme Court has construed the Guidelines to be advisory rather than mandatory. State v. Smith, 93-0402 (La. 7/5/94); 639 So.2d 237. In that case, the supreme court established the process of appellate review of a trial court's use of the Louisiana Felony Sentencing Guidelines. The court explained:
(1) [W]hile a trial judge must consider the Guidelines, he has complete discretion to reject the Guidelines and impose any sentence which is not constitutionally excessive, but is within the statutory sentencing range for the crime of which a defendant has been convicted, so long as he states for the record the considerations taken into account and the factual basis for his imposition of that sentence, La.Code Cr.P. art. 894.1; and (2) where the trial judge has considered the Guidelines and imposed a sentence, adequately stating for the record the considerations taken into account and the factual basis for imposition of that sentence, an appellate court is limited to a review of the sentence imposed for constitutional excessiveness, without regard as to whether the trial judge either employed or deviated from the Guidelines.

Id. at 240 (footnote omitted).
Therefore, in evaluating a sentence, we must make two inquiries. The first inquiry is whether or not the trial court considered the Guidelines when determining the appropriate sentence and whether or not it adequately stated for the record the considerations and factual basis taken into account. The second inquiry is whether or not the sentence imposed is unconstitutionally excessive.
The trial court made the following statement concerning the applicability of the Guidelines:
The recommendation from the guideline committee, which is not binding or obligatory, is that we go with the minimum, but that's not at all obligatory.
Thus, the record is clear that the trial court considered the Guidelines. Having concluded the trial court considered the Guidelines and rejected their application to this case, we must next evaluate whether the record contains an adequate statement of the considerations taken into account and the factual basis for the sentence imposed.
The trial court imposed sentence on the defendant on two occasions. In the first proceeding, he noted that he was the presiding judge in one of the defendant's prior convictions and at the time of sentence for that offense, had noted that the defendant had thirty-three prior charges instituted against him since he became an adult. Considering that the defendant only became eighteen on September 14, 1981, this was a significant record. The trial court stated that in escaping, the defendant was "[s]howing his continuous, complete disregard for any authority of any sort from anybody, except [his] own desires." In the second sentencing proceedings, the trial court stated that it had taken into account the correspondence received from family and friends of the defendant, considered his criminal history, considered the post-sentence investigation report, and recognized that the defendant had been attempting to rehabilitate himself through educational opportunities while in prison. However, the trial court also recognized that an aspect of sentencing is punishment and stated that:
The final insult is the escape. It shows, and it showed then ... that you had complete disregard and you needed punishment, and that's what I have to do.
We find that the trial court adequately articulated the considerations taken into account and the factual basis for the sentence.
Where a sentence is imposed within the statutory limits, the trial judge is given wide discretion, and the sentence will not be deemed excessive absent a manifest abuse of discretion. State v. Lobato, 603 So.2d 739 (La.1992); State v. Williams, 94-736 (La.App. 3 Cir. 12/7/94); 647 So.2d 597. However, a sentence that falls within the statutory limits may nevertheless be excessive under the circumstances. State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence is deemed excessive if it makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless *135 imposition of pain and suffering and if it is grossly out of proportion to the severity of the crime. State v. Dorthey, 623 So.2d 1276 (La.1993). In this case, the defendant could have received a minimum of two and one-half years or a maximum of ten years at hard labor to run consecutive to the time he was currently serving. He received five years at hard labor to run consecutive to his current time. Given the factors already mentioned, we do not find that the defendant's sentence is constitutionally excessive.

DISPOSITION
For the foregoing reasons, the conviction and sentence of the defendant are affirmed in all respects and the case is remanded with instructions to provide the defendant with notice pursuant to La.Code Crim.P. art. 930.8.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.