775 So.2d 663 (2000)
STATE of Louisiana
v.
Henry Ross WALKER.
No. 00 KA 0334.
Court of Appeal of Louisiana, First Circuit.
December 22, 2000.
Jack Hoffstadt, District Attorney, Covington, Counsel for State of Louisiana.
Dorothy Pendergast, Asst. District Attorney, Metairie, Counsel for State of Louisiana.
Frank Sloan, Covington, Counsel for Henry Ross Walker.
Before: LeBLANC, KUHN and MOORE[1], JJ.
LeBLANC, J.
This is an appeal by the state of a trial court's dismissal of the habitual offender *664 bill of information, filed pursuant to La. R.S. 15:529.1, against defendant, Henry Ross Walker. The state filed the bill of information alleging that defendant should be adjudicated and sentenced as a habitual offender for his convictions, in September of 1999, of two counts of obscenity, La. R .S. 14:106.[2] The state alleged that defendant had previously been convicted of two felonies, obscenity in 1995 and forcible rape in 1978. The issue on appeal is whether the state may charge a defendant as a first offender under the obscenity statute (La. R.S. 14:106) and seek enhancement pursuant to the habitual offender statute, or whether the state is statutorily constrained to charge defendant as a second offender for obscenity.
At the habitual offender hearing, the assistant district attorney withdrew the forcible rape conviction as one of the alleged predicate offenses and sought to have defendant adjudicated as a habitual offender only as to the obscenity conviction in Count 2. Defendant admitted to the predicate obscenity conviction, but argued that because the predicate offense was the same as the current charge (i.e., obscenity) and the obscenity statute provides for a scheme of graduated offenses and enhancement, the state was prohibited from using the habitual offender statute to enhance his sentence for obscenity. The state argued that because defendant was charged and convicted of obscenity, first offense, there had been no enhancement under the obscenity statute; therefore, it was permitted to use the habitual offender statute for enhancement of the instant sentence.
After taking the matter under advisement, the trial court dismissed the habitual offender bill. In its written reasons, the court found that the Louisiana Legislature created a "scheme for particular enhancement" of the crime of obscenity and any doubt as to the legislative intent should be resolved in defendant's favor.
The state now appeals, arguing that it is allowed to choose to enhance defendant's sentence under either the enhancement provisions of La. R.S. 14:106 or the more severe penalty provisions of La. R.S. 15:529.1. The sentence provided for obscenity, first or second offense, is not less than six months nor more than three years.[3] La. R.S. 14:106G(1) and (2). On the other hand, a conviction for first offense obscenity, with adjudication and sentencing as a second felony habitual offender, subjects defendant to a term of imprisonment of not less than one and one-half years and not more than six years. La. R.S. 15:529.1A(1)(a). In this case the state chose to use the procedure providing for the more severe penalty. The state acknowledges, but distinguishes, the cases cited by defendant as authority for his position; State v. Harrelson, 590 So.2d 1240 (La.App. 1st Cir.1991); State v. Cox, 344 So.2d 1024 (La.1977)[4]; State v. Sanders, 337 So.2d 1131 (La.1976).
Defendant argues the multiple bill procedure cannot be used for enhancement of multiple violations of the obscenity statute. He further contends that the state cannot circumvent the legislative intent by charging a person, who has one or more prior obscenity convictions, with first offense obscenity, and after conviction, seek to have him or her adjudicated as a multiple offender based on a prior obscenity conviction, and receive a more severe sentence. Defendant argues that, to obtain a more *665 severe sentence under those circumstances, the state must convict the defendant of a higher grade of obscenity.
In State v. Harrelson, this Court concluded that since the penalty for defendant's conviction for second offense obscenity conviction was already enhanced due to defendant's first offense obscenity conviction, the state could not attempt to further enhance the penalty by using the first offense obscenity conviction as a predicate offense in the habitual offender proceeding. We relied upon the reasoning of State v. Sanders and State v. Cox, in which the Louisiana Supreme Court prohibited the state's use of a prior conviction to establish each defendant's status, as a convicted felon, to convict of the charged offense and use the same prior conviction to adjudicate the defendant as a multiple offender. In Harrelson, 590 So.2d at 1242-1243, we stated:
In Sanders, the court noted that, by enacting La. R.S. 14:95.1, the offense of possessing a firearm or of carrying a concealed weapon by a convicted felon, the legislature provided for enhanced penalties for the act of possessing a firearm or concealing a weapon when such person is a felon. The Louisiana Supreme Court also noted that the legislature gave no indication that the multiple billing procedure was to remain available as a vehicle for further enlargement of the penalty. In Cox, the court found that the former simple escape statute, La. R.S. 14:110, in effect at the time of defendant Cox's offense, itself caused an enhancement of the penalty by requiring consecutive sentences based on a defendant's previous felony conviction. In that case the Louisiana Supreme Court applied the well-established doctrine of construing criminal and penal laws strictly and refused to combine the escape statute and the multiple offender statute, La. R.S. 15:529.1, to enhance the penalty twice. State v. Cox, 344 So.2d at 1026.[FN1]
Further, as seen above, the legislature has provided an enhanced penalty within the statute itself for a third and all subsequent offenses chargeable under La. R.S. 14:106(G)(3) in mandatory language, i.e., "shall be imprisoned...." This court has previously held, where a statute delimits the penalty to be levied on subsequent convictions under the same provision, that the State may not use La.R.S. 15:529.1 to further enhance that penalty. State v. Griffin, 525 So.2d 705, 707 (La.App. 1st Cir.1988).
Thus, in Sanders and Cox, the Louisiana Supreme Court has held that, where a defendant's status as a prior felon has subjected him to an enhanced penalty under certain criminal provisions, his sentence may not be further enlarged by the use of the same previous felony conviction as a predicate offense under the habitual offender law. Herein, when defendant was charged with second offense obscenity, he was subjected (because of his previous obscenity conviction) to a greater penalty (enhanced) than if he would have been charged with first offense obscenity. Although the term of imprisonment is the same for a first or second offense under the statute, the imposition of that term must be imposed without benefit of parole, probation or suspension of sentence for a second offender. La.R.S. 14:106(G). Furthermore, the fine which may be imposed is greater for one convicted of a second offense, and increases on third and subsequent offenses to a specified maximum.
[FN1] Subsequent to the decision in Cox, the simple escape statute was amended by Act 413 of 1985. The effect of the amendment is to make the crime of simple escape punishable by imprisonment with or without hard labor and, therefore, a felony. After the amendment, the penalty for simple escape is no longer enhanced because of a previous felony conviction. The crime of simple escape is itself a separate and distinct felony, the penalty for which is unrelated *666 to any previous felony conviction. It follows that enhancement of the penalty for simple escape under the habitual offender statute does not amount to a multiple enhancement of the penalty for that offense or any previous offense. Although the Cox rationale is sound and may be applicable to other multiple enhancement situations, it is no longer applicable in regard to the simple escape statute. State v. Goodin, 550 So.2d 801, 803-804 (La.App. 2d Cir.1989), writ denied, 556 So.2d 1276 (La.1990).
Nevertheless, the district attorney has broad discretion in both the institution and handling of criminal prosecutions. La. Const. art. 5, § 26(B); La. R.S. 16:1 B; State v. Kibodeaux, 435 So.2d 1128, 1131 (La.App. 1st Cir.1983). He may decide whom, when, and how to prosecute. La. C.Cr.P. art. 61; State v. Coleman, 465 So.2d 709, 711 (La.1985). Furthermore, as noted by the state in it's brief, the district attorney has control and charge of every criminal prosecution instituted or pending in his district. La. Const. art. 5, § 26(B); La.C.Cr.P. art. 61. In State v. Smith, 597 So.2d 1151, 1153 (La.App. 1st Cir.), writ denied, 599 So.2d 311 (La.1992), we stated:
When conduct is made criminal under a section of the Revised Statutes and is also criminal according to some special statute, prosecution may proceed under either provision, at the discretion of the district attorney. LSA-R.S. 14:4(2); State v. O'Blanc, 346 So.2d 686, 690 (La.1977); State v. Kibodeaux, 435 So.2d at 1131. Even when the penalty under a general criminal provision differs from that established in a special provision, the district attorney has the discretion to proceed under either provision. See State v. Juluke, 374 So.2d 1259, 1260 (La.1979) (the district attorney has discretion to choose between prosecuting a defendant for forgery, a felony, or unauthorized use of a credit card, a misdemeanor).
Simply put, since defendant was convicted of first offense obscenity, he was not subjected to an enhanced sentence because of a previous obscenity conviction. It follows that enhancement of the penalty for first offense obscenity under the habitual offender statute does not amount to a multiple enhancement of the penalty for that offense. Although the rationale of Harrelson, Cox and Sanders may be applicable to multiple enhancement situations, it is inapplicable under these circumstances.
Accordingly, we reverse the trial court's ruling dismissing the habitual offender bill of information and remand for proceedings consistent herewith.
CONVICTION FOR OBSCENITY AFFIRMED; REMANDED FOR FURTHER PROCEEDINGS ON HABITUAL OFFENDER CHARGE.
MOORE, J., concurs and assigns reasons.
MOORE, J., Concurring.
Although the trial judge is correct that the legislature has chosen a "legislative scheme for particular enhancement" of the charge for obscenity by providing for more severe penalties for second and third offenders, the State is not precluded from seeking an enhancement of the defendant's sentence under the habitual offender provisions, LSA R.S. 15:529.1. The majority correctly notes that the prosecution, in its absolute discretion, may proceed under a section of the revised statutes or by other special statutes. In the instant case, the District Attorney has chosen to file a bill of information charging the defendant as an habitual offender because of his prior felony offender status. It matters not that the defendant's prior felony conviction is for the same offense for which the District Attorney seeks to enhance the sentencing provisions thereunder, through habitual proceedings, as is the case herein, or whether the prior felony conviction is for an entirely unrelated type of crime, such as a felony crime against the person, crime of property, or another enumerated offense affecting the general peace and order. *667 The defendant's prior felony conviction, and date thereof, permits the election by the District Attorney.
The specific enhancing provision under R.S. 14:106G(2) & (3) simply affords the District Attorney an additional choice when deciding whether and how to bill an offender charged with the offense of obscenity. These provisions, in absence of an express legislative prohibition, do not circumscribe the District Attorney's discretion to seek enhancement of the sentence following a conviction or guilty plea for first offense obscenity, provided all other requirements of the habitual offender proceedings have been satisfied.
Finally, the defendant was put on notice, prior to tendering his guilty plea, of the state's intent to file habitual offender proceedings.
For these reasons I respectfully concur.
NOTES
[1] Honorable D. Milton Moore, III, of the Fourth Judicial District Court serving Pro Tempore by special appointment of the Louisiana Supreme Court.
[2] Since defendant pled guilty, the facts are obtained from the factual basis presented at the time of the Boykin. In Count 1, defendant entered the victim's house and exposed his genital area and masturbated in her presence. In Count 2, defendant did the same to a woman jogging on a public street.
[3] The sentence for obscenity, second offense, is to be imposed without benefit of probation, parole or suspension.
[4] Cox was superceded by statute as stated in State v. Goodin, 550 So.2d 801 (La.App. 2nd Cir.1989), writ denied, 556 So.2d 1276 (La. 1990).