Dear Ms. Baudoin:
You have requested an Attorney General Opinion regarding the transportation of students by a local school board. You pose the following questions:
 1. Is it legal for the Lafayette Parish School Bus System to transport St. Martin Parish students from St. Martin Parish to attend Lafayette Parish private schools?
 2. If the above question is in violation of the law, could the members who intentionally voted for such transportation be charged with malfeasance or nonfeasance in office?
You did not indicate that the Lafayette Parish School Board ("School Board") is being compensated for its transportation services; therefore, we are answering your questions as though the School Board is providing such transportation free of charge.
The transportation obligations of parish and city school boards are found in La. R.S. 17:158. La. R.S. 17:158 provides in pertinent part:
 (A.) (1) Except as provided by Subsection H of this Section and in accordance with the requirements of Subsection F of this Section, each parish and city school board shall provide free transportation for any student attending a school of suitable grade approved by the State Board of Elementary and Secondary Education within the jurisdictional boundaries of the parish or school board if the student resides more than one mile from such school.
 * * *
 F. The provisions of this Section shall apply to eligible public and nonpublic school students. However, these provisions shall not apply to any student or the parent or tutor of any student who attends a school which discriminates on the basis of race, creed, color, or national origin.
 * * *
 H.(1) No parish or city school board shall eliminate or reduce the level of transportation services provided to students as required by the provisions of this Section except for economically justifiable reasons approved in accordance with the provisions of this Subsection by the State Board of Elementary and Secondary Education.
 * * *
 Each parish and city school board is required, under La. R.S. 17:158(A), to provide free transportation within the jurisdictional boundaries of the parish or school board for any student attending a school approved by the State Board of Elementary and Secondary Education, if the student resides more than one mile from his or her school.[1] A school board does not have a legal obligation to transport students residing outside of the jurisdictional boundaries of the parish or school board. In addition, neither La. R.S. 17:158 nor La. R.S. 17:81[2] grant a school board the authority to provide free transportation to such students. It is therefore the opinion of this office that the School Board's transportation of students residing outside of the jurisdictional boundaries of the parish or school board to Lafayette Parish private schools would constitute an ultra vires act and is unauthorized.
The next question you pose is in reference to whether the members of the Lafayette Parish School Board who intentionally voted for such transportation can be charged with malfeasance in office. The Louisiana Criminal Code provision for malfeasance in office is found in La. R.S. 14:134, which provides:
 Malfeasance in office is committed when any public officer or public employee shall:
 (1) Intentionally refuse or fail to perform any duty lawfully required of him, as such officer or employee; or
 (2) Intentionally perform any such duty in an unlawful manner; or
 (3) Knowingly permit any other public officer or public employee, under his authority, to intentionally refuse or fail to perform any duty lawfully required of him, or to perform any such duty in an unlawful manner.
 Any duty lawfully required of a public officer or public employee when delegated by him to a public officer or public employee shall be deemed to be a lawful duty of such public officer or employee. The delegation of such lawful duty shall not relieve the public officer or employee of his lawful duty.
 Whoever commits the crime of malfeasance in office shall be imprisoned for not more than five years with or without hard labor or shall be fined not more than five thousand dollars or both.
Under La. R.S. 14:134(2), the public officer or public employee must "[i]ntentionally perform any such duty in an unlawful manner." Intent is defined in Title 14 of the Louisiana Revised Statutes as follows:
 La. R.S. 14:10 Criminal intent
 The definitions of some crimes require a specific criminal intent, while in others no intent is required. Some crimes consist merely of criminal negligence that produces criminal consequences. However, in the absence of qualifying provisions, the terms "intent" and "intentional" have reference to "general criminal intent."
 La. R.S. 14:11 Criminal intent; how expressed
 Criminal intent may be specific or general:
 (1) Specific criminal intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act.
 (2) General criminal intent is present whenever there is specific intent, and also when the circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act.
The District Attorney in each judicial district is responsible for criminal prosecutions by the state and has broad discretion in both the institution and handling of criminal prosecutions.State v. Walker, 775 So.2d 663 (La.App 1st Cir. 2000); La. Const. Art. V § 26(B); La. R.S. 16:1; La. C.Cr.P. Art. 61. A determination as to whether the requisite elements of La. R.S.14:134(2) are present must be made by the District Attorney in Lafayette Parish.
I hope this opinion sufficiently addresses your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY:___________________________ Katherine M. Whitney Assistant Attorney General
[1] A school board's transportation obligation includes the transportation of both public and private school students. See La. Atty. Gen. Op. Nos. 77-445A, 82-932, 85-625 and 85-836.
[2] La. R.S. 17:81 sets for the general powers of city and parish school boards.