480 So.2d 309 (1985)
STATE of Louisiana
v.
Azarie STREET.
No. 85-K-0614.
Supreme Court of Louisiana.
December 2, 1985.
*310 Robert Roux, Lake Charles, Alton Moran, Baton Rouge, for defendant-applicant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Bryan Bush, Dist. Atty., E. Kay Kirkpatrick, Asst. Dist. Atty., for plaintiff-respondent.
CALOGERO, Justice.
Azarie Street was convicted in a jury trial for violating La.R.S. 14:94, illegal discharge of a firearm. She was then sentenced under R.S. 14:94 to two (2) years imprisonment at hard labor in the custody of the Department of Corrections, with credit for time served. The unserved portion of the sentence was suspended and she was placed on two (2) years supervised probation.
The state objected to the suspension of sentence on grounds that this action contravened Louisiana Code of Criminal Procedure Article 893.1. They sought supervisory writs. The Louisiana Court of Appeal, First Circuit, granted the state's writ application and remanded the matter for re-sentencing in compliance with Article 893.1.[1] The defendant in turn applied to this Court for writs. They were denied.[2] Thereafter, on May 2, 1984, the trial judge, in response to the action of the Court of Appeal, resentenced the defendant to two (2) years at hard labor in the custody of the Department of Corrections, with credit for time served but without benefit of parole, probation or suspension of sentence.
We granted writs upon defendant's application to consider two contentions. Her first is that the evidence was insufficient to sustain a conviction because the state failed to prove that when she discharged a pistol in a drugstore it was foreseeable that it might result in death or great bodily harm to a human being. Her second contention is that the Court of Appeal erred in its earlier consideration of the case on state writ application when they vacated a suspended two year sentence and remanded the matter for sentencing in compliance with La.C.Cr.P. art. 893.1. Her contention is that applying Art. 893.1 is impermissible in her case, and that in all events the sentence was constitutionally excessive.[3]
We find no merit in her first argument concerning the sufficiency of evidence for reasons which are expressed in an appendix attached to this opinion.[4] Because that treatment entails no significant legal discussion, the appendix will go unpublished.[5] *311 It will be filed in the record in this Court and furnished the parties herein. We do, however, find merit in defendant's second contention, that Art. 893.1 is inapplicable in this case. Consequently we will vacate defendant's sentence and remand this case to the district court for resentencing.
Defendant's conviction for violating R.S. 14:94 (illegal use of a weapon), as a first offender, exposes her to a maximum authorized penalty of two years with or without hard labor (and/or a $1,000.00 fine), without limitation on her right to parole, probation or suspension of sentence.
Article 893.1 (firearm used in commission of a felony), if applicable, requires the court to impose the maximum two years authorized by R.S. 14:94, and in the same manner as provided therein, unsuspended, and with the defendant being ineligible for parole or probation.[6]
As earlier indicated herein, after the trial court sentenced defendant to two years at hard labor, suspended, under La.R.S. 14:94, the Court of Appeal in response to a state application for writs vacated the sentence and remanded the case to the trial court to apply the C.Cr.P. Article 893.1 enhancement, or perhaps more pertinently, limitation on sentencing discretion. On application by defendant this Court denied writs. Thereafter on remand the trial court imposed two years at hard labor, unsuspended, without benefit of parole or probation, whereupon defendant appealed. She reurged her same argument, but the Court of Appeal, relying on State v. Victorian, 448 So.2d 1304 (La.App. 3rd Cir.1984) found her complaint groundless. She reurges the argument here.
Defendant's contention is that the Legislature did not intend C.Cr.P. art. 893.1's limitation on sentencing discretion when a firearm is "used in the commission of a felony," to be applicable to an act which is made criminal simply because of a use of that weapon.
The argument is well taken.
The Louisiana Legislature could have clearly expressed its intent, if that were the case, to make Art. 893.1 (use of a firearm in a commission of a felony) applicable to R.S. 14:94, illegal use of a weapon. The counterpart Idaho statute did so, for the Idaho Legislature clearly expressed that "this section shall apply even in those cases where the use of a firearm is an element of the offense."[7] The Louisiana Legislature did not do so.
At best the legislative intent is unclear. On the one hand we could presume that the Legislature meant to specify in one statute harsher punishment for the commission of all felonies where a firearm is used. On the other hand it is just as reasonable to presume that the Legislature did not specifically consider whether Art. 893.1 should be used with R.S. 14:94, or that having considered, they opted not to make it applicable to R.S. 14:94.
Art. 893.1 is applicable when the court makes a finding that (1), a firearm was used in (2) the commission of a felony. The sentence can reasonably be construed in its use of the foregoing phrases, as meaning that the felony committed (2) above, coincident with firearm use (1) above, must be *312 conduct which is independently a crime punishable at hard labor.[8]
"Criminal and penal laws are to be strictly construed and in the absence of an express legislative intent any doubt should be resolved in favor of lenity." State v. Cox, 344 So.2d 1024, 1026 (La.1977).[9]See also State v. Davis, 448 So.2d 645, 653 (La. 1984); State v. Freeman, 411 So.2d 1068, 1072 (La.1982); State v. McCarroll, 337 So.2d 475 (La.1976); State v. Gyles, 313 So.2d 799 (La.1975), La.R.S. 14:3.
While our opinion in State v. Sanders, 337 So.2d 1131 (La.1976) is not controlling here, it is persuasive. Sanders concerned a person convicted of a prescribed felony who was later found carrying a concealed weapon. He was thereupon convicted under R.S. 14:95.1 of "carrying a concealed weapon by a person convicted of [a certain] felony." In Sanders the issue was whether the state might then multiple bill Sanders under the habitual offender statute, by using in the multiple bill for the prior offense the same underlying felony conviction which qualified Sanders for conviction of the crime, R.S. 14:95.1, for which his punishment was being enhanced under the multiple bill.
In Sanders we pretermitted consideration of the constitutional issue, double jeopardy, and decided the case on the basis of legislative intent.
"Since the Legislature in passing R.S. 14:95.1 has in that very statute provided enhanced penalties for the act of concealing a weapon when the concealor is a felon, we therefore presume that it must not have intended the multiple enhancement incident to the state's using R.S. 15:529.1 to further enhance the penalty." 337 So.2d 1131 (La. 1976)
Similarly, here, we find that since the Legislature in passing R.S. 14:94 has in that very statute prescribed a punishment for use of a weapon (in a given situation  intentional or negligent discharge of a firearm where it is forseeable that it may result in death or great bodily harm to a human being), we presume that it must not have intended that the identical conduct, use of a weapon, should trigger a more harsh punishment than that prescribed for the same act.
Because of the absence of express legislative intent and our duty to construe criminal laws strictly, thereby resolving doubt in favor of lenity, State v. Cox, supra, we overrule State v. Victorian, 448 So.2d 1304 (La.App. 3rd Cir.1984).[10]
For these reasons we determine that C.Cr.P. art. 893.1, which limits the trial judge's sentencing discretion when a firearm is used in the commission of a felony,[11] is not applicable where the felony is illegal use of a weapon, R.S. 14:94.
Accordingly defendant's conviction is affirmed. Her sentence is vacated, however, and the case is remanded to the trial court for resentencing in accordance with the *313 law, and consistent with the views expressed herein.
AFFIRMED; SENTENCE VACATED; REMANDED FOR RE-SENTENCING.
WATSON, J., dissents and assigns reasons.
WATSON, Justice, dissenting.
The evidence that Ms. Street, after being followed by an armed man for over a year, finally retaliated by firing a gun in the air does not suffice to prove her guilty of illegal use of a weapon under LSA-R.S. 14:94. Not the slightest harm resulted, and none was foreseeable under these circumstances.
NOTES
[1] State v. Azarie Street, No. KW 84/0319 on docket of First Circuit Court of Appeal, March 20, 1984.
[2] State v. Azarie Street, 450 So.2d 667 (La.1984), three justices dissenting.
[3] Since defendant complained about the application of La.C.Cr.P. art. 893.1, one of the firearm enhancement statutes, we consolidated her case with that of seven others, which likewise attacked the imposition of one or the other of the firearm enhancement statutes. The other cases include: State v. Jackson, 480 So.2d 263; State v. Harris, 480 So.2d 281; State v. Hogan, 480 So.2d 288; State v. Kennedy, 480 So.2d 299; State v. Blache, 480 So.2d 304; State v. Delcambre, 480 So.2d 294; State v. Barberousse, 480 So.2d 273. Decisions are rendered this day in all the cases.
[4] Apparently enamored of her, one Gary Butler constantly stalked Ms. Azarie Street through the streets of Baton Rouge for approximately one year. At one point, Butler confronted Ms. Street in a store, lifted up his shirt and showed her a pistol stuck in his waistband. By February 17, 1983 Azarie Street had had enough. On that day, Butler approached defendant and her young daughter as they patronized a Baton Rouge drugstore. Street pulled out a pistol she had purchased the day before and fired three shots upward, into the ceiling, apparently hoping to dissuade Butler from further harassment. Only two of the three spent bullets were recovered from the drugstore ceiling. No one was injured although there were a number of people in the drugstore at the time.
[5] Defendant in brief argues that her use of force was justifiable self-defense. That argument will also be treated in the appendix to this opinion.
[6] Use of firearm in commission of a felony; sentencing

When the court makes a finding that a firearm was used in the commission of a felony and when
suspension of sentence is not otherwise prohibited, the Court shall impose a sentence which is not less than:
(1) The maximum sentence provided by law, in the same manner as provided in the offense, if the maximum sentence is less than five years, or
(2) Five years, in the same manner as provided in the offense, if the maximum sentence is five years or more.
Imposition or execution of sentence shall not be suspended and the offender shall not be eligible for probation or parole.
[7] Idaho Code § 19-2520. State v. Galaviz, 104 Idaho 328, 658 P.2d 999, (1983).
[8] Under this not unreasonable construction the statute does not apply when the committed felony and use of the weapon are one and the same.
[9] As an aside it is worth noting that legislative intent is also determinative when multiple penalties may be imposed for the same offense. Cumulative sentences do not violate the constitutional prohibition against double jeopardy as long as the sentencing court does not exceed the punishment intended by the legislature. Missouri v. Hunter, 459 U.S. 359, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983). This rule of statutory construction applies "[w]here ... a legislature specifically authorizes cumulative punishment under two statutes." Id. 103 S.Ct. at 679. However, "in the absence of a clear indication of contrary legislative intent," two statutory provisions proscribing the same offense are not construed to authorize cumulative punishments. Id. at 678 (quoting Whalen v. United States, 445 U.S. 684, 691-92, 100 S.Ct. 1432, 1437-38, 63 L.Ed.2d 715 (1980)).
[10] The majority in Victorian, in holding that C.Cr.P. art. 893.1 did apply coincident with R.S. 14:94 discussed and resolved adverse to the defendant in that case both legislative intent in passing C.Cr.P. art. 893.1 and the argument that applying Art. 893.1 to R.S. 14:94 results in a double enhancement of penalty. Disagreeing with that Court's conclusion relative to Legislative intent we find it unnecessary to consider the double enhancement argument.
[11] So as in this case to require, as a minimum, that the judge impose a maximum penalty of two years, unsuspended.