DOUCET, Judge.
On July 2, 1984, defendant Paul F. Bien-venue, Jr., was charged by bill of information with attempted second degree murder, a violation of La.R.S. 14:27 and R.S. 14:30.-1. On January 16, 1986, he was tried before a jury of twelve persons who returned a responsive verdict of guilty of aggravated battery, a violation of La.R.S. 14:34. Sentencing was delayed pending a pre-sen-tence investigation.
Following a sentencing hearing on February 10, 1986, the trial court sentenced defendant to serve a term of five years imprisonment at hard labor with the State Department of Corrections, without benefit of probation, parole or suspension of sentence. The court found that a firearm was used in commission of the felony and defendant was sentenced under La.C.Cr.P. art. 893.1. Defendant appeals his sentence alleging three assignments of error. Defendant raises no issues concerning the correctness of the conviction itself, but only complains of errors in sentencing.
During the early morning hours between midnight and 3:30 A.M. on June 14, 1984, Lenell Batiste and Girard St. Julien were walking home from a local bar and pool hall in Lafayette, La. The two decided to stop in at the St. Francis Motel office to purchase soft drinks. As they entered the office and asked the desk clerk for change, the defendant’s associate was conversing with another man in the same room. The man looked at Girard and asked, “What in the F — k are you looking at? Do I look like I’m crazy to you?” To which St. Julien replied, “I’m not looking at you, man.” Batiste and St. Julien backed away and headed for the soft drink machine. The man then signaled his friend (defendant) *38 who was waiting outside, to come in. The verbal abuse continued, but defendant remained silent.
Batiste and Girard St. Julien, the victim, decided to leave to avoid trouble. As they proceeded to leave, the other man tried to start a fight to no avail. The two men left the motel on foot headed for home.
About eight to ten minutes later, while walking down Hollywood Street, Batiste and St. Julien observed a pickup truck heading toward them as though to run over them. They recognized the driver and occupant as the same two men from the motel. The driver was later identified as Randy Carpenter, and the passenger as defendant Bienvenue. Batiste approached the truck and asked the two to please leave them alone, “... we don’t want no trouble”. At this point, Carpenter picked up a gun from the seat of his truck and pointed it directly in Batiste’s face.
Carpenter held the gun to Batiste’s head and remarked:
“... which one of you M.F.’s is bad, huh? Tell me, which one of you M.F.s is bad, huh?”
Batiste began to back away from the truck. Carpenter exited the truck and followed Batiste until he was against the wall of a building. Defendant then got out of the truck as well. He approached St. Ju-lien and apparently shot him. Carpenter then fired a shot which missed Batiste. As St. Julien lay wounded, Carpenter told Batiste to turn his head and run. As Batiste took off running, Carpenter fired another shot, but missed again. Batiste ducked around a comer of a building. He heard another shot, but kept running to get help. Batiste came to a hotel around the comer and enlisted the aid of a police officer on duty at the hotel. The police and emergency medical personnel were called to the scene. St. Julien had been seriously injured and was taken away for treatment.
The defendant and Carpenter were identified and later arrested and charged with attempted second degree murder. Defendant Bienvenue was convicted of aggravated battery. He appeals his sentence alleging three assignments of error.
The defendant argues that the trial court erred in sentencing him under La.C.Cr.P. art. 893.1 as it does not apply to defendants who are ineligible for a suspended sentence. Defendant also argues that the court erred in applying La.C.Cr.P. art. 893.1 as the district attorney failed to give notice of such enhancement.
Defendant had two prior felony convictions. Thus, suspension of sentence is automatically prohibited under La.C.Cr.P. art. 893. See: State v. Victorian, 448 So.2d 1304 at 1308 (La.App. 3rd Cir.1984) on rehearing, writ denied 452 So.2d 167 (La.1984), overruled on other grounds in State v. Street, 480 So.2d 309 (La.1985). The state in brief concedes that recent jurisprudence clearly demonstrates that the enhancement penalties provided in La.C.Cr.P. art. 893.1 do not apply in this case.
“... Also, in felony cases suspension of sentence is permitted for first convictions only under C.Cr.P. art. 893, and suspension of sentence is thereby automatically unavailable for any second offense felon. It is reasonable to suppose that these are the reasons why the Legislature made article 893.1 applicable only to felonies where the suspension of sentence was not otherwise prohibited. Article 893.1 does not apply to these offenses where suspension is already prohibited ...”
State v. Victorian, supra, on rehearing, at 1308.
Thus, the trial court committed reversible error in sentencing defendant under the enhancement provisions of La.C.Cr.P. art. 893.1. The case should therefore be remanded to the trial court for resentencing. It is not necessary to address defendant’s contention on lack of notice.
The defendant further argues that the trial court erred in sentencing defendant to an excessive sentence and in failing to state for the record the factors considered in sentencing. As the case is to be remand *39 ed for resentencing, it is unnecessary to review the sentence presently imposed.
REVERSED AND REMANDED.