# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-797

**STATE OF LOUISIANA**

**VERSUS**

**MICKEL BRISCO**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 01-682
HONORABLE KEITH RAYNE JULES COMEAUX, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ELIZABETH A. PICKETT
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Glenn B. Gremillion, and Elizabeth A. Pickett, Judges.

**SENTENCE VACATED; REMANDED FOR RESENTENCING.**

**Hon. J. Phillip Haney**
**District Attorney**
**300 Iberia Street, Suite 200**
**New Iberia, LA  70560**
**(337) 369-4420**
**Counsel for Plaintiff/Appellee:**
      **State of Louisiana**

**Walter James Senette, Jr.**
**Assistant District Attorney**
**Sixteenth Judicial District Court**
**St. Mary Parish Courthouse**
**Franklin, LA  70538**
**(337) 828-4100**
**Counsel for Plaintiff/Appellee:**
      **State of Louisiana**

**Richard Allen Spears**
**Attorney At Law**
**P. O. Box 11858**
**New Iberia, LA  70562-1858**
**(337) 367-1960**
**Counsel for Defendant/Appellant:**
**Mickel Brisco**

**PICKETT, J**.

**FACTS**

Nedra Brisco was married to Mickel Brisco. They separated on November 26, 2000. On December 26, 2000, Mr. Brisco fired approximately four shots into the home where Ms. Brisco and her children were staying. Bullets recovered from the crime scene were matched to a handgun owned by Mr. Brisco.

Mr. Brisco was charged by bill of information on May 18, 2001, with assault by drive-by shooting, a violation of La.R.S.14:37.1. The defendant entered a plea of not guilty on May 29, 2001. On October 16, 2002, the State filed a Motion to Invoke Firearm Sentencing Provisions. The trial in this matter began on September 16, 2003 and the jury returned a verdict of guilty of assault by drive-by shooting on September 17, 2003. On October 22, 2003, the defendant filed a Motion to Quash Firearm Sentencing Enhancements. On December 16, 2003, the trial court denied the defendant's motion and sentenced him to five years at hard labor without benefit of probation, parole, or suspension of sentence. An oral motion to reconsider was made by defense counsel, but was denied by the trial court. An oral motion for appeal was made and granted at the sentencing hearing and a written Motion for Appeal was filed on December 22, 2003.

**ASSIGNMENT OF ERROR**

In his sole assignment of error, the defendant argues that the trial court erroneously held that the firearm sentencing enhancements could be used to enhance his conviction for assault by drive-by shooting.

1

The defendant alleges that he is being punished doubly for possessing a handgun. He argues as follows:

> Because the statute requires possession of a handgun (or use), it is clear that the legislature set forth the penalty for the use of a handgun during the commission [sic] of the crime. Laws on the same subject matter must be interpreted in referenced to each other. La.C.C. art. 13.

> Why would the legislature pass a law stating that if one shoots a handgun from a moving vehicle that he be given a sentence from one to five years for that act, while another statute reads that you must get the maximum sentence for the same crime.

The state contends that the issue is whether the Louisiana legislature intended to authorize cumulative punishment under both La.R.S. 14:37.1 and La.Code Crim.P. art. 893.3. The state cites *Missouri v. Hunter*, 459 U.S. 359, 103 S.Ct. 673 (1983), and *State v. Street*, 480 So.2d 309 (La.1985), in support of this argument.

In *Street*, the defendant was convicted of illegal use of a weapon. The defendant was sentenced to two years imprisonment at hard labor, with credit for time served. The unserved portion of the sentence was suspended and the defendant was placed on two years supervised probation. The state objected to the suspension of sentence on the ground that the trial court's action conflicted with La.Code Crim.P. art. 893.1. The state brought a supervisory writ and the first circuit remanded the matter for resentencing in compliance with La.Code Crim.P. art. 893.1. Therefore, the trial court resentenced the defendant to two years at hard labor without benefit of probation, parole, or suspension of sentence. The supreme court granted writs. Ultimately, the court concluded that La.Code Crim.P. art. 893.1 was not applicable where the felony was illegal use of a weapon. In reaching that conclusion, the court noted:

2

The Louisiana Legislature could have clearly expressed its intent, if that were the case, to make Art. 893.1 (use of a firearm in a commission of a felony) applicable to R.S. 14:94, illegal use of a weapon. The counterpart Idaho statute did so, for the Idaho Legislature clearly expressed that "this section shall apply even in those cases where the use of a firearm is an element of the offense." The Louisiana Legislature did not do so.

At best the legislative intent is unclear. On the one hand we could presume that the Legislature meant to specify in one statute harsher punishment for the commission of *all* felonies where a firearm is used. On the other hand it is just as reasonable to presume that the Legislature did not specifically consider whether Art. 893.1 should be used with R.S. 14:94, or that having considered, they opted not to make it applicable to R.S. 14:94. *Id*., 480 So.2d at 311 (footnote omitted).

The court went on to find that "since the Legislature in passing R.S. 14:94 has in that very statute prescribed a punishment *for use of a weapon*, . . . we presume that it must not have intended that the identical conduct . . . should trigger a more harsh punishment than that prescribed for the same act." *Id* at 312.

At the time *Street* was decided, La.Code Crim.P. art. 893.1 provided as follows:

When the court makes a finding that a firearm was used in the commission of a felony and when suspension of sentence is not otherwise prohibited, the court shall impose a sentence which is not less than:

(1) The maximum sentence provided by law, in the same manner as provided in the offense, if the maximum sentence is less than five years, or

(2) Five years, in the same manner as provided in the offense, if the maximum sentence is five years or more.

Imposition or execution of sentence shall not be suspended and the offender shall not be eligible for probation or parole.

Louisiana Code of Criminal Procedure Articles 893.2 and 893.3 did not exist at that time. They were subsequently enacted in 1988, at which time, Article 893.1 was amended. All three articles were amended in 1999.

At the time of the commission of the offense at issue, La.Code Crim.P. art.

3

893.1 provided that:

A.  If the district attorney intends to move for imposition of sentence under the provisions of Article 893.3, he shall file a motion within a reasonable period of time prior to commencement of trial of the felony or specifically enumerated misdemeanor in which the firearm was used.

B.  The motion shall contain a plain, concise, and definite written statement of the essential facts constituting the basis for the motion and shall specify the provisions of this Chapter under which the district attorney intends to proceed.

Louisiana Code of Criminal Procedure article 893.2 provided, in pertinent part:

A.  If a motion was filed by the state in compliance with Article 893.1, the court may conduct a contradictory hearing following conviction to determine whether a firearm was discharged, or used during the commission of the felony or specifically enumerated misdemeanor, or actually possessed during the commission of a felony which is a crime of violence as defined by R.S. 14:2(13), felony theft, production, manufacturing, distribution, dispensing, or possession with intent to. . . distribute, or dispense a controlled dangerous substance in violation of the Uniform Controlled Dangerous Substances Law, or specifically enumerated misdemeanor and whether the mandatory minimum sentencing provisions of Article 893.3 have been shown to be applicable.

        . . . .

D.  If at any time during or at the completion of the trial, the court finds by clear and convincing evidence that the state has established that a firearm was discharged or used during the commission of the felony or specifically enumerated misdemeanor . . . and that the mandatory minimum sentencing provisions of Article 893.3 have been shown to be applicable, the court may dispense with the hearing provided for in Paragraph A of this Article.

The state filed a timely motion as required by Article 893.1, moving for imposition of sentence under the provisions of Article 893.3.  It was established by clear and convincing evidence at trial that a firearm was actually discharged during the commission of the felony at issue.  The issue to be determined, therefore, is whether the mandatory minimum sentencing provisions of Article 893.3 are applicable.

4

Louisiana Code of Criminal Procedure Article 893.3, in pertinent part, provides as follows:

> C.  If the court finds by clear and convincing evidence that the offender actually discharged a firearm in the commission of the felony or specifically enumerated misdemeanor for which he was convicted, the court shall impose a term of imprisonment of ten years; however, if the maximum sentence for the underlying offense is less than ten years, the court shall impose the maximum sentence.
>
> . . . .
>
> E.(2) A sentence imposed under this Paragraph shall be without benefit of parole, probation or suspension of sentence.

There is no indication that the legislature intended to overrule *Street.*  As noted by our supreme court in *Street*, the legislature could have included language that the sentencing enhancements of Article 893.3 are to apply even in those cases were the use of a firearm is an element of the offense.  There is no such language in Article 893.3.

Louisiana Code of Criminal Procedure Article 893.2 does include language pertaining to "the commission of a felony which is a crime of violence as defined by R.S. 14:2(13)."  Assault by drive-by shooting is listed as a crime of violence in La.R.S. 14:2(13).  However, Article 893.2 limits the applicability of the portion of the article regarding crimes of violence to only those instances where the state alleges, and the court finds, that the defendant *possessed* the firearm during the commission of a crime of violence.  Louisiana Code of Criminal Procedure Article 893.2 is not the sentencing article but, instead, is the article which sets forth the procedure for determining whether the sentencing provisions of Article 893.3 are applicable.

Louisiana Code of Criminal Procedure Article 893.3(C), under which the defendant was sentenced, contains no language which would make the enhanced

sentencing provisions applicable to crimes of violence as set forth in La.R.S. 14:2.

We find the supreme court's reasoning in *Street* is applicable to the instant case. Because assault by drive-by shooting is defined as an "assault committed with a firearm," and possession of a firearm is an element of the offense, for the reasons set forth in *Street,* the firearm enhancements set out in La.Code Crim.P. art. 893.1, *et seq.* do not apply in this case. The trial court was not required to impose the maximum sentence as mandated by Article 893.3(C). The sentence is, therefore, vacated and set aside. This matter is remanded to the trial court for re-sentencing.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record we find no errors patent.

## DECREE

The sentence is vacated and this matter is remanded to the trial court for re-sentencing.

**SENTENCE VACATED; REMANDED FOR RESENTENCING.**