933 So.2d 754 (2006)
STATE of Louisiana
v.
Mickel BRISCO.[1]
No. 2004-K-3039.
Supreme Court of Louisiana.
July 6, 2006.
*755 Charles C. Foti, Jr., Attorney General, J. Phil Haney, District Attorney, Walter J. Senette, Jr., Jeffrey J. Trosclair, Assistant District Attorneys, for applicant.
Richard A. Spears, New Iberia, for respondent.
WEIMER, Justice.
This matter is before the court for a determination of whether the State may invoke the firearm sentencing provisions set out in LSA-C.Cr.P. art. 893.1, et seq., to limit the trial court's discretion in sentencing when both the firearm sentencing provisions and the underlying offense charged, assault by drive-by shooting, involve discharge of a firearm.[2]
Defendant was convicted of assault by drive-by shooting and sentenced. The appellate court affirmed defendant's conviction, but vacated the sentence of five years and remanded the case to the district court for sentencing. State v. Brisco, 04-0797 (La.App. 3 Cir. 11/10/04), 887 So.2d 660. The State filed a writ application with this court contesting the ruling of the appellate court. We granted certiorari to determine the correctness of the appellate court ruling. State v. Brisco, 04-3039 (La.4/8/05), 889 So.2d 1.
For reasons that follow, we hold that although discharge of a firearm is an element of the offense of assault by drive-by shooting, the firearm sentencing provisions, LSA-C.Cr.P. art 893.1, et seq., which address the possession, use, or discharge of a firearm, may be applied to limit the trial court's discretion in sentencing. Consequently, we reverse the ruling of the appellate court and reinstate the sentence imposed by the trial court.

FACTS AND PROCEDURAL HISTORY
Defendant, Mickel Brisco, and his wife separated on November 26, 2000. Approximately a month later, Brisco fired four shots into the home where his wife and children were staying. Bullets recovered *756 from the crime scene were matched to a handgun owned by the defendant.
On May 18, 2001, the State filed a bill of information charging defendant with assault by drive-by shooting, a violation of LSA-R.S. 14:37.1.[3] The defendant entered a plea of not guilty. Almost a year before the trial commenced, on October 16, 2002, the State filed a motion to invoke the firearm sentencing provisions. LSA-C.Cr.P. art. 893.1, et seq.
Trial of the matter began on September 16, 2003. The next day, the jury returned a verdict of guilty of assault by drive-by shooting. Later, the defendant filed a motion to quash the firearm sentencing provisions. The trial court denied the motion and sentenced defendant to five years at hard labor without benefit of probation, parole, or suspension of sentence, which is the maximum sentence for drive-by shooting. The trial court denied an oral motion to reconsider the sentence but granted defendant's motion for appeal.
On appeal, defendant argued the trial court erred in holding the firearm sentencing provisions could be used to enhance his conviction for assault by drive-by shooting. By definition, drive-by shooting means the discharge of a firearm from a motor vehicle, discharge being an essential element of assault by drive-by shooting. LSA-R.S. 14:37.1. Application of LSA-C.Cr.P. art. 893.1, et seq., requires proof that defendant possessed, used, discharged a firearm or injured a person as a result of the use or discharge of a firearm. Thus, defendant argued proof of the same element is required by both provisions and he was being subjected to double punishment for a singular actpossession of a handgun.[4]
The court of appeal, relying on State v. Street, 480 So.2d 309 (La.1985), found the firearm sentencing provisions set out in LSA-C.Cr.P. art. 893.1, et seq., did not apply in this case. The appellate court found the trial court was not required to impose the maximum sentence as mandated by LSA-C.Cr.P. art. 893.3(C), vacated defendant's sentence, and remanded to the trial court for sentencing.[5]

*757 DISCUSSION
The issue to be addressed by this court is whether the legislature intended the present firearm sentencing provisions to apply to the offense of drive-by shooting. The State argues that the court of appeal erred in finding the firearm sentencing provisions of LSA-C.Cr.P. art. 893.1, et seq., do not apply where the defendant is convicted of assault by drive-by shooting in violation of LSA-R.S. 14:37.1. The State further argues the provisions merely limit the sentencing judge's discretion as opposed to adding time to the original sentence. Additionally, the State contends this court in Street mistakenly compared the Idaho firearm enhancement statute (which provided a substantial additional consecutive sentence for firearm use) to the Louisiana statute (which only established the mandatory minimum sentence to be imposed for a firearm violation).
Resolution of this case involves a careful analysis of the provisions of LSA-C.Cr.P. art. 893.1, et seq.,[6] which are contained in *758 Title XXX of the Louisiana Code of Criminal Procedure addressing sentences.
The court of appeal found State v. Street applicable to this matter. The court of appeal reasoned that since the offense charged, assault by drive-by shooting, is defined as an "assault committed with a firearm," possession of a firearm is an element of the offense. The statute further defines assault by drive-by shooting as the discharge of a firearm from a motor vehicle under specific conditions. LSA-R.S. 14:37.1. The appellate court concluded the State proved defendant discharged a firearm during the commission of the offense and that the notice requirement of LSA-C.Cr.P. art. 893.1 was satisfied. However, the court concluded the legislature had not clearly manifested its intent that the firearm sentencing provisions apply to the offense of assault by drive-by shooting; the court of appeal found the trial court was not required to impose the maximum penalty.
*759 However, subsequent to this court's decision in Street, the statutory provisions were changed, and thus we find Street inapplicable.
In Street the defendant had been charged with violation of LSA-R.S. 14:94, illegal use of a weapon.[7] At the time of commission of the offense, the statute provided a penalty as follows:
B. Whoever commits the crime of illegal use of weapons or dangerous instrumentalities shall be fined not more than one thousand dollars, or imprisoned with or without hard labor for not more than two years, or both.
The statute further provided enhanced penalties for second convictions and third or subsequent convictions, as well as a cleansing period between convictions.
When the trial court in Street applied LSA-C.Cr.P. art. 893.1, the statute provided:
When the court makes a finding that a firearm was used in the commission of a felony and when suspension of sentence is not otherwise prohibited, the court shall impose a sentence which is not less than:
(1) The maximum sentence provided by law, in the same manner as provided in the offense, if the maximum sentence is less than five years, or
(2) Five years, in the same manner as provided in the offense, if the maximum sentence is five years or more.
Imposition or execution of sentence shall not be suspended and the offender shall not be eligible for probation or parole. [Emphasis provided.]
In response to the defendant's writ application in Street, this court reasoned the legislative intent was unclear as to whether LSA-C.Cr.P. art. 893.1 should be applied with LSA-R.S. 14:94. This court noted that "`[c]riminal and penal laws are to be strictly construed and in the absence of an express legislative intent any doubt should be resolved in favor of lenity.'" Street, 480 So.2d at 312, quoting State v. Cox, 344 So.2d 1024, 1026 (La.1977). Additionally, this court found the legislature, in passing LSA-R.S. 14:94, prescribed a punishment for use of a weapon; thus, the legislature must not have intended that the identical conduct "should trigger a more harsh punishment than that prescribed for the same act." Id.
At the time Street was decided, application of the statute was a function of the trial court. Subsequent to this court's decision in Street and prior to defendant's commission of the instant offense, the legislature in 1988 amended LSA-C.Cr.P. art. 893.1 and added Articles 893.2 and 893.3. Following the amending and adding of these provisions, the decision of whether or not to invoke the firearm sentencing provisions was granted to the district attorney. See LSA-C.Cr.P. art. 893.1. Consequently, the district attorney was afforded discretion to invoke the firearm sentencing provision. The district attorney was charged with the obligation to notify the defendant within a reasonable period of time prior to commencement of trial of the intent to utilize the statute to enhance the penalty applicable to the offense charged. LSA-C.Cr.P. 893.1.
During the 1994 legislative session, assault by drive-by shooting was added to the list of crimes of violence.[8] Then, during *760 the 1995 legislative session, illegal use of weapons or dangerous instrumentalities was added to the list of crimes of violence. In 1999, the legislature again amended LSA-C.Cr.P. art. 893.1, et seq. The amendment to LSA-C.Cr.P. art. 893.2 included reference to "commission of a felony which is a crime of violence as defined by R.S. 14:2(13)."
The State argued in the lower courts and continues to argue in this court that when the legislature amended the firearm sentencing provisions in 1999 it clearly intended that the provisions apply to felonies defined as crimes of violence by LSA-R.S. 14:2(13). Among the felonies enumerated is assault by drive-by shooting. LSA-R.S. 14:2(13)(bb). That being the case, the State argued, the legislature intended that the prosecution have the discretion to invoke the firearm sentencing provisions despite the fact that discharge of a firearm is an essential element of the underlying offense. See LSA-R.S. 14:37.1(C). We agree with the State's contention.
The legislature gave the trial judge discretion to sentence an offender from one to five years imprisonment at hard labor when it added the offense of assault by drive-by shooting to the Criminal Code in 1993, thereby punishing the actual possession and discharge of a firearm in the commission of the offense. Six years later, the legislature added LSA-C.Cr.P. arts. 893.2 and 893.3 to the Code of Criminal Procedure and provided generally for mandatory sentences in cases of felonies in which a firearm is possessed, used, or discharged during commission of a felony offense if these provisions are properly invoked. The legislative change provided the district attorney with discretion to invoke the provisions of Article 893.1, et seq., when the relevant conditions are met and the procedure followed.
As originally enacted, LSA-C.Cr.P. art. 893.1[9] governed cases in which a firearm was used in the commission of the offense, and the statute gave no reason to conclude that crimes of violence were to be treated differently than any other felony. When the legislature expanded the scope of the statute in 1999 to govern instances of actual possession, use, and discharge of a firearm in the commission of a felony,[10] it provided an explicit reason for treating crimes of violence differently than other felonies, the reason being to permit an offender to be punished for the actual possession of a firearm during the commission of a crime of violence even if he did not use or discharge the firearm during commission of the offense. The legislature thus provided separate sentencing provisions for "actual possession." However, if the offender actually used the firearm in his possession or discharged it during the commission of a crime of violence, he would be subject to the penalties provided in Article 893.3(B) and (C) for the use and discharge of a firearm, just as he would for the commission of any other felony offense. *761 The legislature clearly intended to cover crimes for which it had already provided penalties for the use or discharge of a firearm when it added assault by drive-by shooting to its list of crimes of violence in 1994.[11] LSA-R.S. 14:2(13)(bb). One year later, it added illegal use of weapons or dangerous instrumentalities to the list.[12] LSA-R.S. 14:2(13)(ee). These two crimes remain the only offenses on a list of 31 legislatively denominated crimes of violence in LSA-R.S. 14:2(13) which require proof that the offender discharged a firearm as an essential element. We cannot assume the legislature overlooked these crimes when it passed the 1999 act and expressly incorporated the explicit references to crimes of violence.
The legislature is presumed to have enacted each statute with deliberation and with full knowledge of all existing laws on the same subject. ABL Management, Inc. v. Board of Supervisors of Southern University, XXXX-XXXX, p. 6 (La.11/28/00), 773 So.2d 131, 135; Theriot v. Midland Risk Ins. Co., 95-2895 (La.5/20/97), 694 So.2d 184, 186.
Significantly, we note that LSA-C.Cr.P. art. 893.2 refers specifically to the possession, discharge, or use of a firearm during the commission of a crime of violence enumerated in LSA-R.S. 14:2(13). Assault by drive-by shooting is a specifically enumerated crime of violence. See LSA-R.S. 14:2(13)(bb).
When the legislature expanded the scope of the firearm sentencing provisions in 1999 to govern instances of actual possession, use, and discharge of a firearm in the commission of a felony, it evidenced a rationale for treating various crimes of violence with a firearm differently. For example, an offender could be punished if he "actually possessed" a firearm during the commission of a crime of violence even if he did not use or discharge the firearm during commission of the offense. LSA-C.Cr.P. art. 893.3(A). However, if the offender "actually used" the firearm in his possession during the commission of the offense, he would be subject to the penalties provided in Article 893.3(B). If the offender "actually discharged" a firearm during the commission of the offense, he could be subject to the penalties provided in Article 893.3(C). If bodily injury was caused by the use or discharge of a firearm, the defendant could be subject to the penalties provided in Article 893.3(D). Thus, the legislature clearly intended to cover crimes for which it had already provided penalties for the use or discharge of a firearm, including assault by drive-by shooting and illegal use of weapons or dangerous instrumentalities, depending upon how the weapon was deployed.
Upon consideration of the 1999 additions and amendments to LSA-C.Cr.P. art. 893.1, et seq., it is evident that the legislature has clearly demonstrated the intent to apply the firearm sentencing provisions to the offense of assault by drive-by shooting. Legislative intent to punish "crimes of violence" when a firearm is discharged is further shown by increased penalties for discharge of a firearm found in LSA-R.S. 14:94(E) and(F) and LSA-R.S. 14:95(E).[13]
*762 We also note the well established principle that the determination and definition of acts which are punishable as crimes is purely a legislative function. LSA-R.S. 14.7; State v. Dorthey, 623 So.2d 1276, 1278 (La.1993). It is the legislature's prerogative to determine the length of the sentence imposed for crimes classified as felonies. Id. Moreover, courts are charged with applying these punishments unless they are found to be unconstitutional. Id.
Likewise, as a general rule, a district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute. LSA-C.Cr.P. art. 61; see also, LSA-Const. art. V, § 26.[14]
The district attorney has broad discretion in both the institution and handling of criminal prosecutions. LSA-Const. art. V, § 26(B); LSA-R.S. 16:1(B); State v. Walker, XXXX-XXXX, p. 4 (La.App. 1 Cir. 12/22/00), 775 So.2d 663, 666, writ denied, 01-0235 (La.12/07/01), 803 So.2d 23. When conduct is made criminal under a section of the revised statutes and is also criminal according to some special statute, prosecution may proceed under either provision, at the discretion of the district attorney. LSA-R.S. 14:4(2). Even when the penalty under a general criminal provision differs from that established in a special provision, the district attorney has the discretion to proceed under either provision. See State v. Juluke, 374 So.2d 1259, 1260 (La.1979); State v. Smith, 597 So.2d 1151 (La.App. 1 Cir.), writ denied 599 So.2d 311 (La.1992).
A district attorney has great discretionary power to file a habitual offender bill under LSA-R.S. 15:529.1(D), just as he has the initial power to prosecute "whom, when, and how" he chooses. State v. Dorthey, 623 So.2d at 1279. For example, the use of the habitual offender laws by the district attorney simply provides an ancillary sentencing factor designed to serve important and legitimate societal purposes. State v. Orange, 02-0711 (La.App. 1 Cir 4/11/03), 845 So.2d 570, writs denied, 03-1352 (La.5/21/04), 874 So.2d 161, 03-2195 (La.7/2/04), 877 So.2d 137. Just as the discretion to charge a defendant under the habitual offender law lies with the district attorney, so does the discretion lie to invoke the firearm sentencing provisions under LSA-C.Cr.P. art. 893.1, et seq. The legislature granted that broad discretion to the district attorney. Once the district attorney exercises the discretion to utilize LSA-C.Cr.P. art. 893.1, et seq., the sentencing discretion afforded the trial court under LSA-R.S. 14:37.1 is no longer available. The trial court must sentence according to the mandatory minimum penalties for possession, use, discharge, or use or discharge causing bodily injury when a firearm is involved in the commission of felonies and certain specified misdemeanors, provided the relevant conditions are met and proper procedures are followed.[15]
*763 When all the statutes are read together, it is apparent that the legislature did not add more time to the sentence for assault by drive-by shooting. However, if the district attorney chooses to invoke the provisions of LSA-C.Cr.P. art. 893.1, et seq., the sentencing discretion given to the lower court by LSA-R.S. 14:37.1 is removed and the maximum sentence for such offense becomes the mandatory minimum sentence to be served by the defendant convicted of assault by drive-by shooting.
We hold that the State may invoke the firearm sentencing provisions set out in LSA-C.Cr.P. art. 893.1, et seq., although an element of assault by drive-by shooting also forms the basis for limiting the discretion of the trial court in sentencing. These provisions can be reconciled to afford the district attorney discretion to invoke the firearm sentencing provisions depending upon how the firearm was deployed in the criminal activity. The district attorney is entitled to exercise that discretion after evaluating the degree of culpability of the offender based upon how the firearm was used and whether bodily injury was inflicted.

CONCLUSION
For the foregoing reasons, the decision of the court of appeal is reversed and the sentence imposed by the district court is reinstated.
REVERSED; SENTENCE REINSTATED.
JOHNSON, J., dissents and assigns reasons.
JOHNSON, Justice[1], dissents and assigns reasons.
I would affirm the defendant's conviction but reverse the sentence and remand the matter to the district court for re-sentencing.
In the instant case, the district court sentenced the defendant, Mikel Brisco under LSA-C.Cr.P art. 893.3 to five years imprisonment at hard labor, the maximum term of imprisonment specified by LSA-14:37.1 for assault by drive-by shooting. The appellate court concluded that the State proved the defendant discharged a firearm during the commission of the offense and that the notice requirement of LSA-C.Cr.P art. 893.1, was satisfied. Nonetheless, the court concluded that the legislature had not manifested a clear intent that the sentencing enhancement provisions apply to the offense of assault by drive-by shooting.
The United States Supreme Court has made it clear that in cases in which the legislature has authorized cumulative punishment under separate statutory sections for a single course of conduct, the Double Jeopardy Clause does not forbid imposition of such cumulative punishment following a single proceeding, but would only forbid successive prosecutions in successive proceedings. Missouri v. Hunter, 459 U.S.359, 368-69, 103 S.Ct. 673, 679, 74 L.Ed.2d 535 (1983).
In State v. Street, 480 So.2d 309, (La. 1985), this Court compared the enhancement provision for the version of LSA-C.Cr.P.art. 893.1 in effect at the time[2] to a *764 substantially similar scheme operating in Idaho and reasoned:
The Louisiana Legislature could have clearly expressed its intent, if that were the case, to make art. 893.1 (use of a firearm in a commission of a felony), applicable to LSA-R.S.14:94, illegal use of a weapon. The counterpart Idaho statute did so, for the Idaho legislature clearly expressed that `this section shall apply even in those cases where the use of a firearm is an element of the offense.' The Louisiana Legislature did not do so.
At best the legislative intent is unclear. On the one hand we could presume that the legislature meant to specify in one statute punishment for the commission of all felonies where a firearm is used. On the other hand it is just as reasonable to presume that the legislature did not specifically consider whether art. 893.1 should be used with LSA-R.S. 14:94, or that having considered, they opted not make it applicable to LSA-R.S. 14:94 Id., 480 So.2d at 311 (footnote omitted).
The court continued that "since the Legislature in passing LSA-R.S.14:94 has in that very statute prescribed a punishment for a weapon, we presume that it must not have intended that the identical conduct. . . . should trigger a more harsh punishment than that prescribed for the same act." Id. at 312.
This Court held in Street, supra, that the State may not cumulate in a single proceeding penalties for unlawful discharge of a firearm and use of a firearm in the commission of a felony because the legislature did not clearly express intent to allow cumulation. We considered cumulative penalties again in State v. Smith, 95-0061, p. 8 (La.7/2/96), 676 So.2d 1068, 1072, where we found the legislature authorized cumulative penalties for second degree feticide and manslaughter of the mother and concluded that double jeopardy did not bar the enhanced penalties. In Smith, supra., the statutory sections involved did not contain a straightforward answer to the question of whether the legislature intended to allow cumulative punishments, or, more precisely, to limit the discretion otherwise conferred on the court by the sentencing provisions of the underlying statute.
In the instant case, the State argued that when the legislature amended the codal articles in 1999, it clearly intended that they apply to felonies defined as crimes of violence by LSA-R.S. 14:2(13), as indicated by the plain language of LSA-C.Cr.P. art. 893.1 and art. 893.2. Among the felonies enumerated is assault by drive-by-shooting. See LSA-R.S. 14:2(13)(bb). The State contended in the lower courts that the legislature thereby intended that the prosecution have discretion to invoke the firearm sentencing provisions despite the fact that discharge of a firearm is an essential element of the underlying offense. See LSA-R.S. 14:37.1(C) ("As used in this section . . . . the term `drive-by-shooting' means the discharge of a firearm from a *765 motor vehicle . . . with the intent either to kill, cause harm to, or frighten another person.").
The court of appeal readily acknowledged that LSA-C.Cr.P. art. 893.2 refers specifically to the actual possession of a firearm during the commission of a crime of violence enumerated in LSA-R.S. 14:2(13). Nevertheless, the court of appeal rejected the State's argument, and in relying on Street, supra, concluded that the legislature did not clearly demonstrate its intent to apply the firearm enhancement provisions to cases in which the use or discharge of a firearm is an essential element of the underlying offense. The court of appeal specifically noted that the defendant was not sentenced under the provisions of LSA-C.Cr.P. art. 893.3(A), which punishes actual possession of a firearm during the commission of a felony offense although it may not have been used or discharged, but under the provisions of LSA-C.Cr.P. art. 893.3(C), which prohibits discharge of a firearm during a felony offense. The court of appeal found that the legislature clearly gave the trial court judge discretion to sentence an offender to one to five years of imprisonment at hard labor when it added the offense of assault by drive-by-shooting to the criminal code in 1993. On the other hand, the legislature did not demonstrate a clear intent to take that discretion away a mere six years later when it added LSA-C.Cr.P. art. 893.2 and LSA-C.Cr.P art. 893.3 to the Code of Criminal Procedure and provided generally for mandatory sentences in cases of felonies in which a firearm is possessed, used, or discharged during the commission of a felony offense.
In my view, the court of appeal reached the correct result in this case.
NOTES
[1] Retired Judge Phillip C. Ciaccio, sitting ad hoc for Justice Catherine D. Kimball, not on panel.
[2] LSA-C.Cr.P. art. 893.3(C) mandates a term of ten years if the offender actually discharged the firearm in the commission of the underlying offense, but if the maximum penalty for the underlying offense is less than ten years, the court shall impose that maximum penalty. The underlying offense of assault by drive-by shooting, LSA-R.S. 14:37.1, affords the trial court discretion to impose a sentence of one to five years. Thus, if the firearm sentencing provisions are invoked in this matter the sentence would be a mandatory five year sentence.
[3] LSA-R.S. 14:37.1 provides:

A. Assault by drive-by shooting is an assault committed with a firearm when an offender uses a motor vehicle to facilitate the assault.
B. Whoever commits an assault by drive-by shooting shall be imprisoned for not less than one year nor more than five years, with or without hard labor, and without benefit of suspension of sentence.
C. As used in this Section and in R.S. 14:30(A)(1) and 30.1(A)(2), the term "drive-by shooting" means the discharge of a firearm from a motor vehicle on a public street or highway with the intent either to kill, cause harm to, or frighten another person.
[4] The Supreme Court has made clear that in cases in which the legislature has authorized cumulative punishments under separate statutory sections for a single course of conduct, the Double Jeopardy Clause does not forbid imposition of such cumulative punishment following a single proceeding, but would only forbid successive prosecutions in successive proceedings. Missouri v. Hunter, 459 U.S. 359, 368-69, 103 S.Ct. 673, 679, 74 L.Ed.2d 535 (1983).

Although the issue was not raised in the lower courts or in this writ application, it does not appear the judicial fact-finding violates the Supreme Court's pronouncement in Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-2363, 147 L.Ed.2d 435 (2000). Because the court merely sentenced defendant to the maximum period provided by statute, defendant shows no violation of the Apprendi rule. Furthermore, we note the jury had, in fact, found beyond a reasonable doubt that the defendant discharged a firearm when the jury found him guilty of committing the offense of assault by drive-by shooting.
[5] LSA-R.S. 14:37.1 affords the trial court discretion to sentence the defendant to between one and five years, but the firearm sentencing provisions mandate imposition of that statute's maximum, five years. Thus, if the firearm sentencing provisions apply, the trial court has no discretion.
[6] LSA-C.Cr.P. art. 893.1 provides:

A. If the district attorney intends to move for imposition of sentence under the provisions of Article 893.3, he shall file a motion within a reasonable period of time prior to commencement of trial of the felony or specifically enumerated misdemeanor in which the firearm was used.
B. The motion shall contain a plain, concise, and definite written statement of the essential facts constituting the basis for the motion and shall specify the provisions of this Chapter under which the district attorney intends to proceed.
LSA-C.Cr.P. art. 893.2 provides:
A. If a motion was filed by the state in compliance with Article 893.1, the court may conduct a contradictory hearing following conviction to determine whether a firearm was discharged, or used during the commission of the felony or specifically enumerated misdemeanor, or actually possessed during the commission of a felony which is a crime of violence as defined by R.S. 14:2(13), felony theft, production, manufacturing, distribution, dispensing, or possession with intent to produce, manufacture, distribute, or dispense a controlled dangerous substance in violation of the Uniform Controlled Dangerous Substances Law, or specifically enumerated misdemeanor and whether the mandatory minimum sentencing provisions of Article 893.3 have been shown to be applicable.
B. The court may consider any evidence introduced at the trial on the merits, at defendant's guilty plea, or at the hearing of any motion filed in the case. The court may also consider any other relevant evidence presented by either party at the contradictory hearing. The hearsay rule shall not be applicable at such contradictory hearings.
C. The burden shall be upon the state to establish by clear and convincing evidence that the defendant actually discharged, used, or actually possessed a firearm during the commission of the felony or specifically enumerated misdemeanor for which the defendant was convicted and that any conditions otherwise required by the mandatory minimum sentencing provisions of Article 893.3 are shown to be applicable.
D. If at any time during or at the completion of the trial, the court finds by clear and convincing evidence that the state has established that a firearm was discharged or used during the commission of the felony or specifically enumerated misdemeanor or actually possessed during the commission of a felony which is a crime of violence as defined by R.S. 14:2(13), a felony theft, production, manufacturing, distribution, dispensing, or possession with intent to produce, manufacture, distribute, or dispense a controlled dangerous substance in violation of the Uniform Controlled Dangerous Substances Law, or specifically enumerated misdemeanor, and that the mandatory minimum sentencing provisions of Article 893.3 have been shown to be applicable, the court may dispense with the hearing provided for in Paragraph A of this Article.
E. The motion shall be heard and disposed of prior to the imposition of sentence. LSA-C.Cr.P. art. 893.3 provides:
A. If the court finds by clear and convincing evidence that the offender actually possessed a firearm during the commission of the felony or specifically enumerated misdemeanor for which he was convicted, the court shall impose a term of imprisonment of two years; however, if the maximum sentence for the underlying offense is less than two years, the court shall impose the maximum sentence.
B. If the court finds by clear and convincing evidence that the offender actually used a firearm in the commission of the felony or specifically enumerated misdemeanor for which he was convicted, the court shall impose a term of imprisonment of five years; however, if the maximum sentence for the underlying offense is less than five years, the court shall impose the maximum sentence.
C. If the court finds by clear and convincing evidence that the offender actually discharged a firearm in the commission of the felony or specifically enumerated misdemeanor for which he was convicted, the court shall impose a term of imprisonment of ten years; however, if the maximum sentence for the underlying offense is less than ten years, the court shall impose the maximum sentence.
D. If the court finds by clear and convincing evidence that a firearm was actually used or discharged by the defendant during the commission of the felony for which he was convicted, and thereby caused bodily injury, the court shall impose a term of imprisonment of fifteen years; however, if the maximum sentence for the underlying felony is less than fifteen years, the court shall impose the maximum sentence.
E. (1)(a) Notwithstanding any other provision of law to the contrary, if the defendant commits a felony with a firearm as provided for in this Article, and the crime is considered a violent felony as defined in this Paragraph, the court shall impose a minimum term of imprisonment of ten years. In addition, if the firearm is discharged during the commission of such a violent felony, the court shall impose a minimum term of imprisonment of twenty years.
(b) A "violent felony" for the purposes of this Paragraph is: second degree sexual battery, aggravated burglary, carjacking, armed robbery, second degree kidnapping, manslaughter, or forcible rape.
(2) A sentence imposed under this Paragraph shall be without benefit of parole, probation or suspension of sentence.
F. A sentence imposed under the provisions of this Article shall not be suspended and shall be imposed in the same manner as provided in the felony for which the defendant was convicted.
G. A defendant sentenced under the provisions of this Article shall not be eligible for parole during the period of the mandatory minimum sentence.
H. If the court finds that a sentence imposed under provisions of this Article would be excessive, the court shall state for the record the reasons for such finding and shall impose the most severe sentence which is not excessive.
I. For the purpose of this Article, "firearm" is defined as an instrument used in the propulsion of shot, shell, or bullets by the action of gunpowder exploded within.
J. For purposes of this Article, the specifically enumerated misdemeanors to which these sentencing provisions are applicable shall be:
(1) R.S. 14:79, violation of a protective order, involving an assault or battery of the person protected.
(2) R.S. 14:67, theft.
(3) R.S. 14:35, simple battery.
(4) R.S. 14:37, aggravated assault.
(5) R.S. 14:40.2, stalking.
[7] LSA-R.S. 14:94 provides, in part:

Illegal use of weapons or dangerous instrumentalities is the intentional or criminally negligent discharging of any firearm, or the throwing, placing, or other use of any article, liquid, or substance, where it is foreseeable that it may result in death or great bodily harm to a human being.
[8] LSA-R.S. 14:2 "Definitions" provides, in part:

(13) "Crime of violence" means an offense that has, as an element, the use, attempted use, or threatened use of physical force against the person or property of another, and that, by its very nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense or an offense that involves the possession or use of a dangerous weapon. The following enumerated offenses and attempts to commit any of them are included as "crimes of violence":
. . . .
(bb) Assault by drive-by shooting
. . . .
(ee) Illegal use of weapons or dangerous instrumentalities [Emphasis added.]
[9] 1981 La. Acts No. 139.
[10] 1999 La. Acts No. 575.
[11] 1994 La. Acts 3rd Ex.Sess. No. 73.
[12] 1995 La. Acts No. 1223.
[13] LSA-R.S. 14:94, entitled "Illegal use of weapons or dangerous instrumentalities," and LSA-R.S. 14:95, entitled "Illegal carrying of weapons," were amended several times between 1991 and 1995 to provide increasing penalties for possession and use or discharge of a firearm in the commission of certain crimes, especially crimes of violence. When LSA-C.Cr.P. art. 893.3 is considered in light of the express legislative intent found in LSA-R.S. 14:94(E) and (F) and LSA-R.S. 14:95(E), it is clear the legislature intended that a five year mandatory sentence should be given for discharging a firearm from a vehicle on a public street. Thus, LSA-C.Cr.P. art. 893.3(C) should apply to limit the discretion of the sentencing judge and to expand progressively the punishment for a defendant committing a felony involving a firearm.
[14] The only restriction over this authority is that the district attorney is subject to the supervision of the attorney general as provided in LSA-C.Cr.P. art. 62.
[15] We note LSA-C.Cr.P. art. 893.3(H) provides:

If the court finds that a sentence imposed under provisions of this Article would be excessive, the court shall state for the record the reasons for such finding and shall impose the most severe sentence which is not excessive.
This provision is an obvious reference to LSA-Const. art. I, § 20 which prohibits "cruel, excessive or unusual punishment."
[1] Retired Judge Phillip C. Ciaccio, sitting ad hoc for Associate Justice Catherine D. Kimball, not on panel.
[2] When Street was decided, art. 893.1 provided as follows:

When the court makes a finding that a firearm was used in the commission of a felony and when suspension of sentence is not otherwise prohibited, the court shall impose a sentence which is not less than:
(1) The maximum sentence provided by law, in the same manner as provided in the offense, if the maximum sentence is less than five years, or;
(2) Five years, in the same manner as provided in the offense, if the maximum sentence is five years or more.
Imposition or execution of sentence shall not be suspended and the offender shall not be eligible for probation or parole.
LSA-C.Cr.P. art. 893.2 and 893.3 did not exist when the Court decided Street, supra., but were added in 1988, at which time, art. 893.1 was amended. All three articles were subsequently amended in 1999, with art. 893.3 assuming its present form of graduated penalties according to whether the defendant possessed, used, or discharged a firearm during the commission of a felony or enumerated misdemeanor offense.