966 So.2d 127 (2007)
STATE Of Louisiana, Appellee,
v.
Montie Banna MONTGOMERY, Appellant.
No. 42,432-KA.
Court of Appeal of Louisiana, Second Circuit.
September 19, 2007.
*129 Louisiana Appellate Project by Paula C. Marx, for Appellant.
Montie Banna Montgomery, Pro Se.
J. Schuyler Marvin, District Attorney, Sherburne Sentell, III, John M. Lawrence, Assistant District Attorneys, for Appellee.
Before CARAWAY, PEATROSS and MOORE, JJ.
MOORE, J.
Montie Banna Montgomery appeals his sentence of five years at hard labor for being a second felony offender convicted of attempted possession of cocaine. We amend the sentence to delete the previous imposition of 2½ years at hard labor for attempted possession of cocaine, but otherwise affirm.

Procedural Background
Montgomery was charged by bill of information with possession of cocaine arising from a December 2002 incident in which he was stopped for a traffic infraction, fled on foot and tossed away a Ziploc which was found to contain cocaine. A small amount of cocaine was also found in the vehicle. The matter proceeded to trial, after which a six-member jury found him guilty of attempted possession of cocaine. The district court sentenced him to 2½ years at hard labor.
The state then filed the instant bill of information charging Montgomery as a fourth felony offender under La. R.S. 15:529.1. After a bench trial, the district court adjudicated him a second felony offender and sentenced him to five years at hard labor, the maximum sentence for a second felony offender convicted of attempted possession of cocaine.
Montgomery has appealed, urging through counsel that the maximum sentence is excessive and that the court erred in failing to vacate the previous sentence of 2½ years at hard labor. By pro se brief, he also urges vindictive prosecution and the failure to advise him of his right of reconsideration.

Discussion
By his first assignment of error, Montgomery urges the sentence is excessive. Appellate counsel concedes that because no motion to reconsider was filed on behalf of the defendant, review is limited to the bare claim of constitutional excessiveness. La. C. Cr. P. art. 881.1 E; State v. Mims, 93-0808 (La.6/18/93), 619 So.2d 1059. Counsel contends that the offense of conviction indicates a need for treatment and rehabilitation rather than incarceration; Montgomery had a good work record and was supporting his two children; and he was never convicted of any crime of violence. By pro se brief, Montgomery adds that he is not the worst of offenders.
The state responds that Montgomery's extensive criminal history fully warrants the sentence.
Appellate review of sentences for alleged excessiveness is a two-pronged inquiry. First the record must show that the sentencing court complied with La. C. Cr. P. art. 894.1. However, as conceded in brief, Montgomery filed no motion to reconsider sentence and thus failed to preserve any specific complaints about the court's factual basis for sentencing. He is therefore relegated to the claim of constitutional excessiveness. State v. Mims, supra.
*130 The second prong is constitutional excessiveness. A sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 92-3120 (La.9/10/93), 623 So.2d 1276. A sentence is deemed grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice or makes no reasonable contribution to acceptable penal goals. State v. Guzman, 99-1753 (La.5/16/00), 769 So.2d 1158. Maximum sentences are generally reserved for the most serious violations of the offense of conviction and the worst kind of offender. State v. Quebedeaux, 424 So.2d 1009 (La.1982); State v. Gatti, 39,833 (La.App. 2 Cir. 10/13/05), 914 So.2d 74, writ denied, 2005-2394 (La.4/17/06), 926 So.2d 511.
The five-year sentence imposed here was the maximum. La. R.S. 15:529.1 A(1)(a); R.S. 40:967 C; R.S. 14:27 D(3). However, the record shows that Montgomery possessed 13.55 grams of cocaine when he fled from state police. While this matter was pending, he failed to appear for court hearings on six separate occasions. His criminal record was stunningly unfavorable: according to the PSI, he had at least two prior felony convictions (a 1999 guilty plea to obstruction of justice in Webster Parish and a 2001 guilty plea to possession of cocaine in Nacogdoches County, Texas), 19 arrests for 35 different offenses (including 11 arrests for crimes of violence against the person), and at the time of sentencing had two pending charges of distribution of Schedule II CDS and one of conspiracy to distribute Schedule II CDS in Webster Parish. This court has previously noted that past records of drug offenses "weigh heavily in the decision to uphold" maximum sentences. State v. Jones, 33,111 (La.App. 2 Cir. 3/1/00), 754 So.2d 392, writ denied, XXXX-XXXX (La.2/2/01), 783 So.2d 385. The same considerations apply here. We perceive no abuse of the district court's sentencing discretion and nothing out of proportion to this offense and this offender. The first assignment of error lacks merit.
By his second assignment of error, Montgomery urges the district court erred in failing to vacate the 2½-year sentence before sentencing him as a habitual offender to five years at hard labor. La. R.S. 15:529.1 D(3). The state concedes that this was error, and we agree. There is no need to remand to correct this, however. State v. Hampton, 39,158 (La.App. 2 Cir. 1/26/05), 892 So.2d 714. The sentence is amended to delete the imposition of 2½ years at hard labor.
By his second pro se assignment of error, Montgomery urges the state was vindictive in instituting the habitual offender bill against him. Without elaboration, he suggests that the only reason the state elected to multiple bill him was that he exercised his constitutional right to a jury trial but the jury failed to convict him of the charged offense, possession of cocaine.
The district attorney has the discretionary power to charge a defendant under the habitual offender law just as he has the initial unlimited power to prosecute "whom, when, and how" he chooses. La. C. Cr. P. art. 61; State v. Brisco, XXXX-XXXX (La.7/6/06), 933 So.2d 754. The use of the habitual offender laws "provides an ancillary sentencing factor designed to serve important and legitimate societal purposes." Id. A presumption of vindictive prosecution arises only if the habitual offender bill can be explained only by a desire to punish or deter the exercise of legal rights. State v. Heard, 36,191 (La. App. 2 Cir. 7/17/02), 823 So.2d 454, and *131 authorities therein. If the prosecutor's conduct is equally attributable to legitimate reasons, the defendant must prove actual vindictiveness. Id. Montgomery failed to appear for six court hearings in the course of this case, resulting in six bench warrants and bond forfeitures. At the time of sentencing, Montgomery faced three other CDS charges in Webster Parish. These are perfectly legitimate reasons for the state to pursue habitual offender proceedings. This assignment of error lacks merit.
By his fourth pro se assignment, Montgomery urges the district court erred by not advising him of his right to reconsideration of sentence under La. C. Cr. P. art. 881.1. Under this article, a defendant may make or file a motion to reconsider sentence within 30 days of the imposition of sentence. La. C. Cr. P. art. 881.1 A(1). However, Montgomery cites no law or jurisprudence holding that the court must advise the defendant of this right at the time of sentencing, and we are aware of none. This assignment of error lacks merit.

Conclusion
We have reviewed the entire record and see nothing we consider to be error patent. For the reasons expressed, Montie Banna Montgomery's adjudication and sentence of five years at hard labor as a second felony offender is affirmed. The judgment is amended to delete the previous sentence of 2½ years at hard labor for attempted possession of cocaine.
AMENDED AND AFFIRMED.